**James F. KENNEDY, Jr., et al., Plaintiffs,**

v.

**CONTINENTAL TRANSPORTATION LINES, INC., a corporation, and Local Union No. 249, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, an unincorporated labor organization, Defendants.**

**Civ. A. No. 64-188.**

United States District Court W. D. Pennsylvania.

May 27, 1964.

Wilner, Wilner & Kuhn, Pittsburgh, Pa., for Kennedy.

Rosenberg & Lubow, Pittsburgh, Pa., for Continental.

Ben Paul Jubelirer and Stuart E. Savage, Pittsburgh, Pa., for Teamsters.

WILLSON, District Judge.

Thirty-seven plaintiffs are individuals and employees of defendant Continental Transportation Lines, Inc., and are members of defendant Local No. 249, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America. Defendants are Continental Transportation Lines, Inc., plaintiffs' employer, and Local Union No. 249 of the Teamsters. The complaint states that plaintiffs are engaged in work as over-the-road truck drivers in an industry affecting commerce within the meaning of the Labor Management Relations Act of 1947, 29 U.S.C.A. § 141, et seq.

The complaint states that this action is one to compel compliance by defendant Continental Transportation Lines, Inc., with an Arbitrator's Award rendered

pursuant to the terms of the attorneys' collective bargaining agreement previously in effect between the parties, as it relates to the processing of employee grievances. Jurisdiction is based upon Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C.A. § 185. Defendant Local No. 249 is joined as a defendant because it is a party to the collective bargaining agreements in suit.

Paragraph II of the complaint alleges that the agreements were negotiated by the plaintiffs' authorized representatives for the benefit of plaintiffs among others employed at the employer's trucking terminals located in McKees Rocks, Pennsylvania, within this district. Copies of the collective bargaining agreements are attached to the complaint and marked as Exhibits A–1, A–2, and A–3.

In the next paragraph it is alleged that Article XV of the collective bargaining agreements in effect from June 1, 1957, to May 31, 1961, sets forth the steps of the grievance procedure. Article VIII of the collective bargaining agreements in force after June 1, 1961, sets forth the steps of the grievance procedure. It is then recited that all of the foregoing grievance procedures provide for arbitration as the terminal step of the grievance machinery, and that each of the parties agreed in each collective bargaining contract that they would accept and abide by any award made by the majority of an Arbitration Board.

What has been said above is taken from the complaint and admitted in the answers and at the oral argument by defendants. It should be stressed at this point then that we have a situation where both sides have admitted on this record that collective bargaining agreements have been entered into which provide for arbitration as a settlement of all labor disputes.

The complaint then alleges in paragraph IV that in 1958, the defendant employer acquired the business and operations of the Philadelphia-Pittsburgh Carriers. This company had operated a terminal in Philadelphia and was engaged in hauling intrastate freight. Shortly after its acquisition, in line with grievance procedures in the collective bargaining agreement, an Arbitration Board ruled on the assignment of work between the defendant Continental's over-the-road drivers and the former Philadelphia-Pittsburgh Carriers' over-the-road drivers. Plaintiff in this complaint alleges that the Arbitration Board ruled:

> "that the former Philadelphia-Pittsburgh Carriers over-the-road drivers should retain their rights to *identical work* which they had previously performed irrespective of seniority; as to all other work they were to be listed for seniority purposes after the original Continental drivers."

The complaint next alleges in paragraph V that the defendant employer adhered to the Arbitration Award until 1962, until it consolidated its Philadelphia terminal with the Philadelphia terminal acquired in the purchase of the Philadelphia-Pittsburgh Carriers' transaction, at which time defendant combined its interstate and intrastate operations. Plaintiffs say that since the new terminal has been in operation, defendant Continental has refused to abide by the Arbitration Award, and has instead assigned work previously performed by the original Continental employees to the former Philadelphia-Pittsburgh employees. The complaint says that the work assigned to the latter employees was and is not *identical work*, but was and is interstate hauling which had never been performed by Philadelphia-Pittsburgh Carriers.

The complaint then alleges that the plaintiffs have suffered loss of work as a result of the defendant employers' refusal to abide by the Arbitration Award.

It is the prayer of the complaint that the Court enter an order granting a decree of specific performance of the Arbitration Award, and also require defendant Continental to reimburse plaintiffs for the wages and the benefits lost as a result of defendant's failure to abide by

the Arbitration Award; and finally, that defendant Continental be required to desist from any conduct which violates the rights of plaintiffs under the Arbitration Award.

Defendants have filed answers and move to dismiss the complaint. In Continental's answer the allegations in the complaint are admitted except that Continental denies that there is any Arbitration Award with which it has not complied, and it further denies that the Court has jurisdiction under Section 301 of the Act. The essential allegations of the complaint as to the acquisition by Continental of the Philadelphia-Pittsburgh Carriers and the consolidation of the terminals are admitted by Continental. Continental denies also that the standard of the arbitrator was "identical work" and avers instead that it was "identical runs." Continental also denies that any work being done by former Philadelphia-Pittsburgh drivers had ever been assigned to the original Continental drivers. And then it avers that the former Philadelphia-Pittsburgh employees are not engaged in identical runs within the meaning of the Arbitration Award, and, therefore, denies any violation of the Arbiration Award; and in this connection, denies also that plaintiffs suffered any loss of work as a result of any action by Continental.

In the answer of Local 249 of the Teamsters, the same general admissions are made as in Continental's answer with respect to the operations of Continental and Philadelphia-Pittsburgh Carriers. The Local, however, takes the position that it has no knowledge of the defendant employers violating the Arbitration Award and has no knowledge of the employers assigning work to the former Philadelphia-Pittsburgh drivers which was not in accordance with the Arbitration Decision. The Union also takes the position that the standard by which the Arbitrator resolved the grievance was *identical runs* and not . *identical work.* Both defendants in their Motions To Dismiss state that the Court lacks jurisdic-

tion because plaintiffs' case concerns a dispute arising out of the interpretation of an Arbitration Award. The defendants say, therefore, that it is a dispute concerning wages, hours of work, and terms and conditions of employment, which dispute is subject to primary and exclusive jurisdiction of the grievance procedures of the collective bargaining agreements. The motion also recites an oral understanding or agreement reached between the parties in October 1962, resolving the instant dispute. And three other reasons for dismissal are assigned. One is that the Court lacks jurisdiction because plaintiffs have averred an unfair labor practice under Section 8 of the National Labor Relations Act, the redress for which lies exclusively within the National Labor Relations Board. Another reason is that the complaint fails to state a claim under Section 301 whereby relief can be granted; and finally, it is averred that the complaint seeks an injunction involving a labor dispute which is prohibited under Section 4 of the Norris-LaGuardia Act.

At the oral argument the award of the Arbitrator B. Meredith Reid was received in evidence. This is permitted under Rule 12(b). It is to be observed that plaintiffs' counsel at the time of the submission of the Arbitration Award indicated to the Court that it was the first time he had seen the award made by Mr. Reid. In any event one thing seems clear, and that is that on the pleadings based on the averments in the complaint and the admissions in the answers this controversy is clearly a labor dispute, and was in the first instance submitted to arbitration as provided in the agreements. And now because of the consolidation of the two terminals another dispute has arisen between the parties, and that is as to the interpretation of a portion of the arbitrator's decision. It seems to this Court that paragraph 3 of the arbitrator's findings of fact and conclusions of law, which disposed of the issues then confronting him, should be reinterpreted by him under the changed

conditions, that is, the consolidation of the terminals in the merger of intrastate and interstate hauling of Continental.

Judge Wood of the Eastern District had almost a similar problem confronting him in the case of Transport Workers v. Philadelphia Transp. Co., 228 F.Supp. 423 (E.D.Pa.1964). He directed that the matter be resubmitted to the Arbitrator for clarification of the award.

█ It seems to me that it is now axiomatic that whenever a dispute arises and the parties have provided for arbitration that that method is highly favored by the Courts as a way of resolving labor disputes. On the face of the award, in paragraph 3 in the Arbitrator's findings it appears that defendants' interpretation of the award may be correct because the Arbitrator has used language indicating that:

"* * * the over-the-road drivers of the purchased carrier continue to maintain their seniority on such runs only as they were then operating at the time of purchase, and for so long only as such identical runs shall continue in existence and operation by the purchasing company."

█ Defendants say that on the undisputed facts the runs are still identical, and that the only thing different is the destination of the freight carried on the trucks, that is, some is intrastate and some goes interstate. If the issue here was an interpretation of a contract in the ordinary sense, then this Court would be inclined to agree with defendants because ordinarily the terms of a written instrument are for the Court to decide; but in this case the parties have differed, and it seems to me clearly a labor dispute. Therefore, under their own agreements, it is a matter for arbitration. Mr. Kuhn, counsel for plaintiffs, seems to indicate that resubmission to the Arbitrator should not be had in this case because it would only tend to interject instability into the arbitration process. However that may be, it seems to this Court that if the award made is considered clear and final then it appears "that it has generated a collateral dispute concerning the meaning of its essential terms." This is the language used by Judge Wood in the cited case, and he indicated and I am in agreement that this Court is not "* * * to intrude into the arbitration procedure and interpose its interpretations of a disputed award on the parties to a collective bargaining agreement."

This Court is disposed to follow Judge Wood's ruling in the case of Transport Workers v. Philadelphia Transp. Co., in all respects. The case cited by him, notably United Steelworkers of America v. Enterprise Wheel and Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424, is ample authority for this Court's decision in this dispute. See also International Ass'n. of Machinists AFL–CIO v. Crown Cork & Seal Co., 300 F.2d 127 (3rd Cir 1962), where the Court of Appeals approved such a procedure.

This Opinion is intended to embrace the findings of fact and conclusions of law as permitted by Rule 52. There is no genuine issue as to any material facts which the Court has found in this opinion.