INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, LOCAL LODGE NO. 1893, DISTRICT LODGE NO. 80, Petitioner,

v.

AEROJET–GENERAL CORPORATION, a corporation, Respondent.

No. 66–1672.

United States District Court
Central District of California.

Nov. 23, 1966.

Cheleden, Cheleden & Glickman, by Algerdas N. Cheleden, Jr., Los Angeles, Cal., for petitioner.

James N. Ebright and Munger, Tolles, Hills & Rickershauser, by Roderick M. Hills and William J. Bird, Los Angeles, Cal., for respondent.

## MEMORANDUM AND ORDER CONFIRMING AWARD OF ARBITRATOR AND DENYING ENFORCEMENT THEREOF.

CRARY, District Judge.

On September 27, 1966, petitioner filed in the Superior Court of the State of California in and for the County of Los Angeles, petition to confirm arbitration award dated July 28, 1966. In its motion to confirm, petitioner prayed for order of this court confirming the award and "such further orders as may be just and proper." The notice of hearing of the petition states that it will be made on the grounds "that the respondent Aerojet-General Corporation has failed to comply with the Final Award of the Impartial Arbitrators dated July 28, 1966 * * *."

The respondent removed the petition to confirm to this court on October 17, 1966, on the grounds that this court had original jurisdiction under Section 301 of the National Labor Relations Act (29 U.S.C. § 185).

On October 3, 1966, respondent moved to dismiss the petition to confirm.

During oral argument of the petition to confirm and motion to dismiss both parties stipulated that the petition to confirm be also deemed a pleading to enforce the arbitration award in issue and petitioner agreed to so amend its petition.

The court deems the motion to dismiss to go to the petition, as amended.

The parties further agreed that the award is not ambiguous or indefinite but is clear and final. The petitioner urges that the award requires the company to "compensate all Electrical Bench Assemblers for all work performed in the bays * * *" and that said award should be enforced or remanded to the arbitrator for determination as to the individual employees, by name, to whom the new classification in the award shall apply. Respondent urges that the petition to confirm be dismissed and there be a fresh invocation of the arbitration proceedings under the employer-employee contract because the dispute concerns which individual employees of the class involved, to wit, Electrical Bench Assemblers (EBA), actually qualify under the terms of the award for the new classification specified therein and back and future pay as provided in the award for said classification.

In the grievance submitted to arbitration which resulted in the award in issue, the Electronic Technicians asserted that they should be assigned to certain floor work in bays and alcoves which was being assigned to the lower job rated Electrical Bench Assemblers.

The issue to arbitrate was "Did the company improperly assign the specific work as alleged in grievances 1119–62, 1187–02 and 1091–62? If in the affirmative what is the appropriate remedy?"

The arbitrator handed down an interim award on May 28, 1966, holding that the level of difficulty of the work in issue was below that normally performed by electrical technicians but was in fact improperly assigned to EBAs. The interim award directed the parties to establish a new classification and pay range, retaining jurisdiction in the arbitrator in case the parties could not reach agreement.

The parties were unable to agree on the issues submitted and the arbitrator, on July 28, 1966, rendered his final award and opinion accompanying same. In the award he established a new job classification and job description therefor and

rate range for same with the further provision that the EBAs at respondent's Aetron facility who performed the work that was the subject of the grievances must be paid retroactively for such work at the rate of pay awarded.

On August 23, 1966, and October 5, 1966, the petitioner filed new grievances protesting the action of the company in reference to the interpretation and application of the arbitration award.

The court is not here confronted with an award ambiguous in nature or one which fails to determine the issues presented to the arbitrator. It does not appear in the instant matter that the question of which individual Electrical Bench Assemblers had performed the bay and alcove work, which entitled them to the new classification, was submitted to the arbitrator for determination. The award provided that all of the EBAs who did the specified work should be paid retroactively for such work at the rate of pay as set forth in the award for the new classification. It follows that the award is not self-executing on this point since there remains for determination the individual EBAs who performed the work that was the subject of the said grievances. The court concludes that the petitioner's request for enforcement of the award should be denied.

The remaining question is whether the matter should be remanded to the arbitrator for amplification of his award as to the disputed issue or the dispute is one which will require new arbitration proceedings under the agreement between the parties.

The court in Todd Shipyards Corp. v. Industrial Union of Marine and Shipbuilding Workers of America, 242 F.Supp. 606 (D.C.N.J., 1965), so strongly relied on by petitioner, states at pages 611–612 of its opinion:

"The opinion of Arbitrator Davis is clear and unambiguous, precisely covering the subject matter of the grievance presented * * *. An award of an arbitrator acting within the scope of his authority has the effect of a

judgment and is conclusive as to all matters submitted for decision at the instance of the parties.

\* \* \* \* \* \*

"Consonant with the limitation on the power of the Court to interfere with any determination of the arbitrator reasonably reached on the merits of a grievance, remand to the arbitrator is appropriate where there is reasonable ground for disagreement as to what he actually did decide. [Citing cases.] But the power to remand should not be exercised unless there is patent ambiguity in the decision of the arbitrator or the text of it is not germane to the issue presented as reflected by the record of the proceedings before him. To remand under any other circumstances would be to suggest to the arbitrator that the Court differed in opinion with the result on the merits which had been reached by the arbitrator and would constitute an intrusion upon his exclusive function to pass upon the merits of the grievance."

The court, having found the award was not ambiguous nor went beyond the issues of the grievances presented, held that its provision, which stated plaintiff had a right to discharge a named employee, should be enforced.

The above rules apply to the case at bar but here the award is not self-executing and a new dispute has developed as to the individual EBAs whose work has entitled them to the benefits of the new classification as set forth in the award.

In District 50, United Mine Workers of America v. Revere Copper and Brass, Inc., D.C., 204 F.Supp. 349, 352, the court held that where the award is not self-executing and the parties cannot agree on the application of the interpretation of the award by the arbitrator there would appear to be a basis for a "new grievance and fresh invocation of the grievance machinery \* \* \*."

Transport Workers Union of Philadelphia, etc. v. Philadelphia Transportation Company, D.C., 228 F.Supp. 423, also relied on by petitioner herein, was an action to enforce compliance with an arbitration award. The defendant company sought a re-submission of the dispute to the arbitration board with request for clarification of the award. The dispute before the court concerned the meaning of "scheduled or routine gassing will be performed on the Truck Rental property by Truck Rental employees" as used in the award (page 425).

The court, at pages 425–426 of its opinion, observes:

"It is not within the province of this Court to intrude into the arbitration procedure and interpose its interpretation of a disputed award on the parties to a collective bargaining agreement. [Citing cases.]

"There exists a legitimate disagreement regarding the scope and effect of this Award even though each party contends that the Award as rendered clearly supports their diverse positions. Therefore, in compliance with the mandate of Textile Workers Union of America v. Lincoln Mills, supra, [353 U.S. 448, 77 S.Ct. 912, 923, 1 L.Ed.2d 972], that a Federal substantive law is to be fashioned according to the policy of our national labor laws, we direct the parties to resubmit this Award to the same arbitration panel for an explanation of its terms in light of the facts and discussion contained in this Opinion."

In our case the application of the award to the individual EBAs is involved, not the interpretation of the award as in the Transport Workers case, supra.

The respondent also cites the recent case of Local 95, Insurance Trust Fund v. Able Wrecking Corp., 53 Labor Cases, ¶ 51475, page 65245 (1966), a decision of the New York Supreme Court, New York County, wherein the Union filed a motion to confirm an arbitrator's award. In remanding the award to the arbitrator for clarification, the New York court found that the award was " \* \* \* indefinite with respect to the determination of which entities are liable for which portion of the award, or whether all are

liable jointly and severally therefor and, if this be true, the basis for ignoring their formally distinct entities."

The award, being indefinite, had to go back to the arbitrator for clarification. That is not the problem in the case at bar.

A dispute as to whether the employer failed to comply with an arbitration award was involved in Aircraft Lodge 703, etc. v. Curtiss-Wright Corp., 169 F. Supp. 837 (D.C.N.J.1959). There the arbitrator, by his award, determined that particular work of certain welders was not properly classified *for job rating.* The company thereupon issued a new job rating which implemented what it believed was the substance of the award.

The Union disapproved of the company's new job code and the company wrote the arbitrator asking him to advise if it had acted in conformity with the award. The arbitrator replied that his power had ceased and that he could not expound on his award unless requested by both parties jointly. The Union refused to join in such request.

The issue before the court was whether the question of the company's right to set up the new job code in apparent accord with the award was to be determined by the court or by grievance and arbitration (page 840).

The court concluded that the dispute as to the propriety of the company's implementation of the award was a matter for arbitration under the grievance and arbitration procedure in the contract between the parties.

Based on the facts, authorities and reasons set forth above, this court concludes,

(1) The award here involved is not ambiguous or indefinite.

(2) The award was complete as to the issues sent to the arbitrator for arbitration.

(3) The dispute now before the court, to wit, what individual Electrical Bench Assemblers have performed the work which would entitle them to the new classification and rate of pay as provided in the award, was not presented to or decided by the arbitrator.

The court further concludes that the collateral dispute is an issue for new grievance and arbitration procedure under the agreement between the parties.

The instant case is not comparable to one (Todd Shipyards case, supra) wherein the award requires the re-employment of a former employee, which the company refuses to do. There the award would be self-executing. The collateral dispute in our case precludes the award from being self-executing.

Now, therefore, it is ordered:

The petition to confirm award of arbitration is granted.

The request for enforcement of the award is denied.

The motion to dismiss the petition to confirm the award is denied.