**UNITED PAPERMAKERS AND PAPERWORKERS, AFL–CIO, LOCAL 675, Plaintiff,**

v.

**WESTVACO CORPORATION, Defendant.**

**Civ. A. No. 77–0012.**

United States District Court, W. D. Virginia, Roanoke Division.

Nov. 27, 1978.

Willis A. Woods, Woods & Campbell, Wytheville, Va., Warren Woods, Wilson,

Woods, Villalon & Hollengreen, Washington, D. C., for plaintiff.

T. T. Lawson, William B. Poff, Woods, Rogers, Muse, Walker & Thornton, Roanoke, Va., Henry Clifton, Jr., Clifton, Budd, Burke & DeMaria, New York City, for defendant.

## MEMORANDUM OPINION

TURK, Chief Judge.

This is an action brought pursuant to § 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 to require defendant to comply with the award of an impartial arbitrator. A trial on the merits was held before the court on August 28, 1978 at which time the court announced its findings of fact. Judgment was not entered at that time to permit the parties to submit post-trial memoranda concerning the proper disposition of the case. Both parties availed themselves of the opportunity and the matter is ripe for final resolution.

Plaintiff and defendant are parties to a collective bargaining agreement which establishes grievance procedures and provides for the submission of disputes to arbitration if necessary. This dispute concerns the job seniority status of millwrights assigned to the pulp mill department.[1] Their seniority turns upon a determination as to whether their assignments are permanent. In his award, the arbitrator recognized the complexity of such a determination, noting the special nature of maintenance work and the tension between management's need for flexibility in this area and the terms of the negotiated contract. Recognizing that the matter should be resolved by the parties themselves, he directed that:

> "The Company will, therefore, reexamine its 'permanent' maintenance assignments, as bid upon, and where these assignments are truly 'permanent' at the present time, consistent with special skills, will assign senior employees to their bid-in jobs and department."

Contrary to the accusation of the Union, this court found as a matter of fact that the defendant made a good faith effort to comply with the mandate of the arbitrator. Mr. George Talley, as the plant maintenance superintendent, conferred with his maintenance supervisors to determine the percentage of time that these millwrights spent on their major assignments. It was estimated that they spent no more than 80–85% of their time on these assignments. On the basis of this analysis, Talley determined that none of these positions were "permanent." The court found this determination to be neither arbitrary nor capricious.

This manner of compliance has the effect of perpetuating the *status quo* and the union is understandably displeased. The court, however, is not in a position to determine what error, if any, was committed in the implementation of the arbitrator's decision. Private arbitration has long been recognized as the preferred method of settling grievances between organized workers and their employers and, accordingly, it is the exclusive role of the arbitrator to interpret the provision of a collective bargaining agreement. *United Steelworkers of America v. American Manufacturing Co.*, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); *United Steelworkers of America v. Warrior and Gulf Navigation*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *United Steelworkers of America v. Enterprise Wheel and Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). Since this court may not pass upon the merits of the dispute between the parties, the sole issue to be decided is whether the cause should be remanded to the arbitrator for clarification or whether the Union must invoke the grievance procedure once again to determine which members are on "permanent" assignment.

Given the proper circumstances, a federal court may remand a labor dispute

---

1. Plaintiff conceded at trial that there are no permanent assignments of millwrights in the other major departments of the plant.

back to the arbitrator for interpretation and clarification of the original arbitral decision. *See United Steelworkers of America v. Enterprise Wheel and Car Corp., supra; Hanford Atomic Metal Trades Council v. General Electric Co.,* 353 F.2d 302 (9th Cir. 1966). Remand appears to be appropriate in three instances. It is proper to do so when the issues submitted to arbitration are only partially resolved. *San Antonio Newspaper Guild Local 25 v. San Antonio Light Division,* 481 F.2d 821 (5th Cir. 1973). Having agreed to submit their disputes to arbitration, the parties to a collective bargaining agreement are entitled to a complete resolution of the issues presented. When there is a failure to adjudicate an issue, the arbitrator has not exhausted his function and may be called upon once more to finish his task. *La Vale Plaza v. Noonan,* 378 F.2d 569 (3rd Cir. 1967). The dispute should also be remanded for clarification and interpretation where the award is considered to be clear and final but has generated a collateral dispute concerning the meaning of the essential terms of the award. *Transport Workers Union of Philadelphia v. Philadelphia Transportation Co.,* 228 F.Supp. 423 (E.D.Pa.1969); *Kennedy v. Continental Transportation, Inc.,* 230 F.Supp. 760 (W.D.Pa.1964). Finally, remand is an appropriate disposition where the award contains a glaring or patent ambiguity. *International Association of Machinists and Aerospace Workers v. Aerojet-General Corp.,* 263 F.Supp. 343 (C.D.Cal. 1966) (Aerojet); *United Steelworkers of America v. Interspace Corp.,* 447 F.Supp. 387 (W.D.Pa.1978); *Local Union No. 494 International Brotherhood of Electrical Workers v. Brewery Proprietors,* 289 F.Supp. 865 (E.D.Wis.1968); *Bell Aerospace Co. Division of Textron v. Local 516,* 500 F.2d 921 (2d Cir. 1974). Latent ambiguities, on the other hand, are not a sufficient basis upon which to issue a remand order since the resultant judicial scrutiny would invade the province of the arbitrator in contravention of our national labor policy. *See United Steelworkers of America v. Enterprise Wheel and Car Corp., supra.* This distinction stems from the recognition of the spe-

cial role of the arbitrator since to remand for a non-obvious defect would "suggest to the arbitrator that the Court differed in opinion with the result on the merits which had been reached by the arbitrator and would constitute an intrusion upon his exclusive function to pass upon the merits of the grievance." *Todd Shipyards Corp. v. Industrial Union of Marine and Shipbuilding Workers of America,* 242 F.Supp. 606, 611–612 (D.N.J.1965).

As is apparent from the previous discussion, it is not always possible or practical for a court to remand a case to the arbitrator. The most obvious limitation is the counterpart to the rule against incomplete resolution: a court cannot order an arbitrator to make an award beyond the scope of the issues originally submitted to him. *See, Textile Workers Union v. American Thread Co.,* 291 F.2d 894 (4th Cir. 1961); *United Steelworkers of America v. Interspace Corp., supra.* Thus, remand is particularly inappropriate where a collateral dispute has arisen from an award which is not self-executing. *San Antonio Newspapers Guild Local 25 v. San Antonio Light Division, supra* at 824 n. 3. These awards often impose upon the parties the need to take additional actions which, in turn, give rise to new disputes. The implementation of these awards may constitute new grievances which can be remedied only by resort to the established grievance procedure. *Aerojet, supra; Aircraft Lodge 703 v. Curtiss-Wright Corp.,* 169 F.Supp. 837 (D.N.J.1959).

This court is of the opinion that this case falls within the latter line of authority and should be resolved in accordance with the grievance procedure established by the collective bargaining agreement. The award in this case is clearly not self-executing. The Company has attempted to comply with the arbitral award and it is this asserted compliance which is at the heart of this dispute. Were this court to remand the case to the arbitrator, it would require the arbitrator to pass upon issues of compliance which were not within the scope of the matters originally presented to him. Moreover, such an order would permit the Union

to circumvent the grievance procedure and proceed directly to arbitration. It is crucial to distinguish between disputes arising from the application of the award and those which concern the interpretation of an award. *Compare Aerojet with Transport Workers Claim of Philadelphia v. Philadelphia Transportation Co., supra.* Whereas the latter may be remanded to permit clarification of the arbitrator's decision, the former present entirely new issues upon which the arbitrator has not ruled. In a similar situation, Judge Winter wrote:

> "Enforcement of the arbitrator's decision is not possible here, because it is not presently self-executing. By its terms the decision reserves to the parties the practical application of the general rules which it states. Thus, the decision constitutes an interpretation of the Contract, and if the parties cannot agree upon the application of that interpretation there would seem to be a basis for a new grievance and fresh invocation of the grievance machinery of Article VII of the Contract."

*District 50, United Mine Workers of America v. Revere Copper and Brass, Inc.,* 204 F.Supp. 349, 352 (D.Md.1962). As the impartial arbitrator noted, the resolution of the present conflict is a complex matter, posing serious implications for both sides. Given their familiarity with the plant and its operation, the parties are necessarily in the best position for working out a fair and equitable result. The arbitrator sought to utilize this practical expertise by providing general guidance and allowing the parties to settle the particulars. The question of whether the Company adhered to the guidelines established by the arbitrator is a subsequent, albeit related, matter. This new dispute can be remedied only by resort to the grievance procedures contained in the collective bargaining agreement.