OIL, CHEMICAL & ATOMIC WORKERS INTERNATIONAL UNION, LOCAL 4–367, Plaintiff-Appellant,

v.

ROHM & HAAS, TEXAS INC., Defendant-Appellee.

No. 81–2418
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 1, 1982.

---

Chris Dixie & Associates, Chris Dixie, Houston, Tex., for plaintiff-appellant.

Baker & Botts, John B. Abercrombie, Tony P. Rosenstein, Houston, Tex., for defendant-appellee.

Before BROWN, POLITZ and WILLIAMS, Circuit Judges.

PER CURIAM:

■ This case, tried on stipulated facts, seeks to compel enforcement of an arbitration award so as to apply the award prospectively to similar occurrences. The facts make clear that the employer has complied with the specific arbitration order and the only issue is the scope of the relief—whether the award should apply generally rather than only specifically to the employee in question. The issues submitted to an arbitrator, or the grievance itself when no submission agreement is used, define the limits of the arbitration award. *See Piggly Wiggly Operator's Warehouse, Inc. v. Piggly Wiggly Operator's Warehouse Independent Truck Drivers' Union Local No. 1*, 611 F.2d 580 (5th Cir. 1980). Here the issue of future application of the award to other employees was not specifically submitted to the arbitrator.

We affirm on the basis of the District Court's opinion, attached as an appendix to this opinion. We wish to add that even if the arbitration award could be read to have considered future applicability, the arbitrator refused to so apply his decision, stating:

One additional point must be discussed. The Union prayed that the Company be directed to re-instate the call in of encumbent employees to their position under the 1973 No. 24. I will deny the Union's prayer because the Agreement clearly states that the Company has the sole right to institute and change procedures subject only to the limitation that the Company discuss the procedure with the Union and the procedure must not violate the Agreement. That language is unambiguous and no construction is necessary.

■ If this statement concerning the issue of whether the employer should be ordered to reinstate the overtime procedure forming the heart of the grievance is viewed as synoymous with the issue of future applicability of the award, the effect would be to request that we review the

merits of the arbitrator's decision refusing to require a return to the prior procedure. This we cannot do. The arbitrator's award is not subject to judicial review on the merits, for "[t]he federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on the merits of the awards." *United Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 596, 80 S.Ct. 1358, 1360, 4 L.Ed.2d 1424, 1427 (1960). *See Safeway Stores v. American Bakery & Confectionery Workers*, 390 F.2d 79 (5th Cir. 1968). "Whether the award can be given an effect akin to res judicata or stare decisis with regard to future disputes that may arise between the parties, neither the district court nor this court should decide. If the parties do not agree, that issue itself is a proper subject for arbitration." *New Orleans Steamship Ass'n v. General Longshore Workers*, 626 F.2d 455, 468 (5th Cir. 1980), *cert. granted sub nom. Jacksonville Bulk Terminals, Inc. v. Longshoremen's*, 450 U.S. 1029, 101 S.Ct. 1737, 68 L.Ed.2d 223 (1981), *argued*, 50 U.S. L.W. 3605 (January 18, 1982).

AFFIRMED.

## APPENDIX

CIRE, District Judge:

This case has been submitted on stipulated facts accompanied by exhibits, and has been briefed by both parties. After consideration of the pleadings, stipulations, exhibits, and briefs, the Court enters this opinion and accompanying final judgment.

The Oil, Chemical & Atomic Workers International Union, Local 4–367 (the Union) brought this suit pursuant to 29 U.S.C. § 185 to enforce an arbitration award against Rohm & Haas, Texas, Inc. (the Company). The arbitration award was the result of a grievance and arbitration pursued on behalf of R. H. Brown, an employee and union member. Under the applicable collective bargaining agreement, the Company was authorized to make procedural changes that affected the day-to-day operations of the plant. The Union was entitled to grieve the effects of any such procedural changes. When the Company instituted a new procedure for filling temporary shift vacancies, Brown missed the opportunity to earn some overtime pay. The adverse effect of the procedural change on Brown was grieved and eventually arbitrated. The award stated that the Union's right to grieve the effects of procedural changes included the right to pursue those grievances to arbitration, and the Company was directed to pay Brown for the hours of overtime he would have earned under the prior procedure.

The Union does not claim that the Company has subsequently refused to arbitrate grievances stemming from procedural changes, nor does the Union complain that the Company has failed to pay the overtime to Brown. Nevertheless, the Union seeks to "enforce" the award by means of an injunction ordering compliance. The Company insists that it has fully complied.

The heart of the Union's complaint is that the Company has refused to pay other employees who, like Brown, have lost the opportunity to earn additional pay as a result of the new procedure for filling vacancies. The Union seeks to give the arbitration award precedential value through this suit for enforcement; the injunction sought would direct the Company to pay overtime rates to any employee who missed the opportunity to fill a vacancy under the new procedure.

The Court concludes that it may not grant the requested relief. To do so would usurp the function of the arbitrator and violate the rule that awards may be enforced only as written. *New Orleans Steamship Association v. General Longshore Workers*, 626 F.2d 455 (5th Cir. 1980), *cert. granted sub nom. Jacksonville Bulk Terminals Inc. v. International Longshoremen's Assoc.*, [450] U.S. [1029], 101 S.Ct. 1737 [68 L.Ed.2d 223] (1981). The issue of the general applicability of this award was not submitted to the arbitrator, and the Court may not, under the guise of enforcement, broaden the scope of the award by deciding that issue itself.

■ A Court on occasion may find that the answer to a collateral dispute is implicit in the award. *Staffman's Organizing Committee v. United Steelworkers of America*, 399 F.Supp. 102 (W.D.Mich.1975) (award of reinstatement presumed to mean reinstatement to a particular plant). Generally, however, collateral questions about the scope or application of an award are themselves questions for arbitration. *New Orleans Steamship Association v. General Longshore Workers, supra.*

It is sometimes a prodigious task to enforce an award even when its applicability to similar cases is explicit. In *Oil, Chemical and Atomic Workers International Union, Local 4–16000 v. Ethyl Corporation*, 644 F.2d 1044 (5th Cir. 1981), the award prohibited "like violations." The Fifth Circuit outlined in great detail the course to be followed in determining whether a given incident is a "like violation" requiring judicial enforcement or whether the conduct is sufficiently distinguishable from the original facts to require an arbitrator's decision. The Court's role is carefully delineated in order to preserve the integrity of the arbitration process. Clearly the Court may not bypass that process when the question, as here, is not what constitutes a "like violation" but whether the award was intended to apply to "like violations" at all.

■ The Court notes that remand to the arbitrator is the appropriate disposition of an enforcement action when an award is patently ambiguous, when the issues submitted were not fully resolved, or when the language of the award has generated a collateral dispute. *United Papermakers and Paperworkers, AFL–CIO v. Westvaco Corp.*, 461 F.Supp. 1022 (W.D.Va.1978). In such a case a remand is necessary to clarify precisely what the Court is being asked to enforce. A remand is not appropriate, however, where it would force a decision on an issue not previously submitted to the arbitrator. *Id.* Under those circumstances, the Plaintiff must again invoke the grievance and arbitration procedure in order to resolve the collateral issue.[1] *Id.* See also *International Brotherhood of Electrical Workers, AFL–CIO v. New England Telephone and Telegraph Co.*, 628 F.2d 644 (1st Cir. 1981); and *International Association of Machinists and Aerospace Workers v. Aerojet-General Corp.*, 263 F.Supp. 343 (C.D.Cal. 1966).

■ In this case, the express terms of the award have been complied with, and there appears to be no ambiguity with respect to general applicability, since that issue was not previously presented to the arbitrator. Accordingly, a new grievance is preferable to remand.

Plaintiff not being entitled to relief in this case, judgment shall be entered for Defendant.

---

1. The Court does not find inapposite *International Association of Machinists v. Texas Steel*, 639 F.2d 279 (5th Cir. 1981). There a remand on the issue of general applicability of the award was deemed "proper," but it is not clear whether the issue was truly collateral or whether it arose because of ambiguity in the award. In any event, it is possible that the Court's reluctance to require new arbitration in that case was attributable to the Defendant's recalcitrance. The Defendant obdurately disregarded the original award and two supplemental clarifications.