UNION DE TRABAJADORES PETROQUIMICOS, Plaintiff,

v.

UNION CARBIDE CARIBE, INC., Defendant.

Civ. No. 84–0488 HL.

United States District Court, D. Puerto Rico.

Jan. 30, 1986.

Leticia Rodríguez García, San Juan, Puerto Rico, Ramón Baez, President of Union, Ponce, Puerto Rico, José Carreras, Hato Rey, Puerto Rico, for plaintiff.

Rossell Barrios Amy, McConnell Valdes Kelley Sifre Griggs & Ruiz-Suria, San Juan, Puerto Rico, for defendant.

## OPINION AND ORDER

LAFFITTE, District Judge.

Plaintiff, Unión de Trabajadores Petroquímicos, petitions this Court to enforce an arbitration award or, in the alternative, to resubmit the award to the arbitrator for clarification. The Court has jurisdiction pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. sect. 185. The matter is before this Court on cross motions for summary judgment.

At the arbitration hearing, where both plaintiff union and defendant employer were represented by their respective counsel, the parties executed a submission agreement for the arbitrator's decision, crystallizing the controversy in the following terms:

Determine if the Company violated or not Articles XII, XI and/or VI of the collective bargaining agreement in effect when it determined that the seniority of the following employees is the one that appears in enclosure 1 of the Stipulation attached. If it is determined that it was not the correct seniority, the arbiter must determine which is the correct seniority, the arbiter must determine which is the correct seniority for those employees and what remedies, if any, must be implemented: Israel Velez Ferrer, Anibal Cruz, Jose A. Cruz, Raul Martinez, José A. Hernández & Juan Torres Hermida.

After an extensive analysis the arbitrator ruled that the employees listed in the submission agreement, who had held positions outside the bargaining unit, may not have the time served outside the bargaining unit credited for the purpose of seniority. The arbitrator sustained the union's claim that seniority is only accrued for time served in the bargaining unit.

Neither of the parties nor this Court disagree with the arbitrator's ruling. Consequently, the merits of the award are not in dispute. In line with the foregoing, defendant moves for dismissal of plaintiff's petition to enforce the award claiming it has complied with the award. In support of this allegation defendant has filed an uncontroverted affidavit by Víctor Osuna Ortiz, Employee Relations Associate, establishing that pursuant to the award it has ceased to include the time served by unionized employees in the non-exempt category for seniority purposes under Article XII of the collective bargaining agreement.

Plaintiff, however, claims that the award is incomplete because the arbitrator failed to order reinstatement of six laid off employees with more seniority rights than those mentioned in the submission agreement, notwithstanding the reiterated demands by the union that the company comply with the award.[1]

The issue confronted by this Court is whether the remedy provided by the arbitrator is incomplete, requiring the Court to remand for clarification. The answer to this question turns, however, upon the nature of the controversy submitted to the arbitrator's decision, vis a vis the award.

It is beyond dispute that federal courts may, in the context of a Section 301 proceeding, resubmit an award to the presiding arbitrator for interpretation or amplification. *Local 2222, I.B.E.W. v. New England Telephone & Telegraph Co.*, 628 F.2d 644, 647 (1st Cir.1980); *Courier-Citizen & Co. v. Boston Eletrotypers Union No. 11*, 702 F.2d 273, 279 (1st Cir.1983).

---

**1.** Defendant employer opposes the Union president's affidavit on the ground that it seeks to modify or add facts not found by the arbitrator nor encompassed in the parties' stipulation submitted to the arbitrator.

Plaintiff claims that this case calls for resubmission of the reinstatement rights of six laid off employees.[2] Defendant asserts that whatever rights the award conferred upon the laid off employees is not a matter for clarification of the award because the award is self executory, prospective in nature; that the issue of the six laid off employees was not included in the submission agreement; and finally, that the arbitrator could have ordered reinstatement but chose not to order it.

The record shows that the parties did not include in the submission agreement for adjudication the cases of the six laid off employees. The arbitrator was asked to specifically determine which method for computation of seniority was in accordance with Article XII of the collective bargaining agreement; the employer's or the union's. The arbitrator ruled that the method utilized by the employer violated Article XII of the labor contract and sided with the union. As to this ruling, predicated upon the very exact issue presented for the arbitrator's decision, the award is a direct response thereto. The parties do not raise any issue in this respect. The submission agreement further stated:

[I]f it is determined that it was not the correct seniority, the arbiter must determine which is the correct seniority, the arbiter must determine which is the correct seniority for those employees and what remedies, *if any*, must be implemented: (emphasis supplied)
Israel Velez Ferrer,
Anibal Cruz,
Jose A. Cruz,
Raul Martinez,
José A. Hernández,
Juan Torres Hermida.

The arbitrator's response was that as

[T]o these employees, the Company must recognize as the competitive seniority date the date recognized by the Union pursuant to Annex I of this Award.[3] The Company must cease and desist from including the time served by the unioned [sic] employees in the non-exempt category for the purpose of determining their seniority in relation to transactions and/or personnel movements included in Article XII of the collective bargaining agreement ...

The Court, after careful examination of the issues presented, dismisses the petition on three grounds. First, a cursory reading of the controversy presented for decision, as defined in the submission agreement, leaves no doubt that the parties were expressly referring to the seniority of the employees listed in the submission agreement, and included in the table attached to the award. The laid off employees were not included in the submission agreement. They were mentioned in the stipulation of facts entered into by the parties. See stipulated fact No. 6 of the Award. But as to those laid off employees the arbitrator, contrary to the six employees included in the submission agreement, was not furnished with their alleged seniority or employment dates. Hence, the arbitrator, on the record before him could not possibly have fashioned a remedy for them. In sum, the issue of the reinstatement rights of the six laid off employees was neither included in the submission nor considered by the arbitrator. The only issue submitted to arbitration was whether defendant employer was violating the labor contract seniority clause by crediting time for work performed outside the bargaining unit by the six employees mentioned in the submission agreement. The arbitrator answered in the affirmative and ordered the employer, as a remedy, to cease and desist. No other issue remained unresolved.

**2.** On October 9, 1981, the employer laid off 206 employees. The employees mentioned in the submission agreement were not laid off. The six laid off employees, whose seniority remained uncontested by the parties, were the following: Daniel González, Héctor Aponte, Pablo Borrero, José Bracero, Rafael Colón, and Jaime Rentas.

**3.** Annex I is a list containing the comparative seniority dates for said employees as proposed by the Union and the Employer.

Second. The submission agreement authorized the arbitrator expressly to provide "what remedies, *if any*, must be implemented." A submission agreement confers authority on the arbitrator and defines with precision the contours of the controversy submitted for the arbitrator's decision. *Hilton International Co. v. Union de Trabajadores*, 600 F.Supp. 1446, 1449 (D.C.P.R.1985). Given the nature of the submission agreement, the arbitrator was empowered to formulate a remedy or no remedy at all. He chose to issue a cease and desist order. The Court finds no trace of incompleteness in this regard. *United Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960), teaches that:

> When an arbitrator is commissioned to interpret and apply the collective bargaining agreement, he is to bring his informed judgment to bear in order to reach a fair solution of a problem. *This is especially true when it comes to formulating remedies.* (Emphasis added.)

Third. In post-award controversies, like the instant case, it is crucial to distinguish between disputes arising from the *application* or *implementation* of the award, and those which concern the *interpretation* of an award. Those pertaining to the interpretation of the award fall within the kind of cases that may be remanded to allow for clarification. Such is not this case. As to the former, wherein this case falls, they are viewed as raising new grievances under the collective bargaining agreement upon which the arbitrator has not ruled, and must be submitted to arbitration through the grievance mechanism of the collective bargaining agreement. *Local 2222 I.B. E.W. v. New England Telephone, supra; Derwin v. General Dynamics*, 719 F.2d 484 (1st Cir.1983); *United Paper Workers v. Westvaco Corp.*, 461 F.Supp. 1022 (W.D. Va.1978). Having failed to include the controversy of the laid off employees in the submission agreement, plaintiff may not demand clarification.

WHEREFORE, upon consideration of the award issued by arbitrator Edgardo Cruz Fortier, and briefs of counsel, plaintiff's petition to enforce the award and/or to remand for clarification is hereby DENIED, and defendant's motion for summary judgment is hereby GRANTED.

The Clerk shall enter judgment dismissing the petition.

IT IS SO ORDERED.