### UNITED CEMENT, LIME & GYPSUM WORKERS INTERNATIONAL UNION, LOCAL NO. 84

v.

### PENN–DIXIE CEMENT CORPORATION.

Civ. A. No. 30567.

United States District Court
E. D. Pennsylvania.
April 23, 1963.

Bernard N. Katz, of Meranze, Katz & Spear, Philadelphia, Pa., for plaintiff.

Park B. Dilks, Jr., Kenneth Souser and Robert H. Kleeb, of Morgan, Lewis & Bockius, Philadelphia, Pa., George F. Coffin, Jr., of Coffin, Grifo & DeRaymond, Easton, Pa., for defendant.

BODY, District Judge.

This is a complaint and petition to enforce an arbitrator's award made by an impartial arbitrator under the provisions of an agreement made between plaintiff union and defendant employer. The answer alleges that the award has been carried out by the defendant.

Both parties hereto agree that the employee of the defendant had the fol-

lowing work schedule which was posted on Friday preceding the commencement of his work week. The schedule was:

"Monday..... 11:00 P.M. – 7:00 A.M.
Tuesday..... 11:00 P.M. – 7:00 A.M.
Wednesday.. 11:00 P.M. – 7:00 A.M.
Thursday.... 11:00 P.M. – 7:00 A.M.
Friday..... Not scheduled to work
Saturday.... Not scheduled to work
Sunday..... 7:00 A.M. – 3:00 P.M."

The employee worked Monday, Tuesday, Wednesday and Thursday. On Saturday he was called on the phone at 7:00 A.M. and accepted an assignment to work that day as a coal unloader. He worked for seven (7) hours. On Sunday he again worked as above scheduled for his eight (8) hours.

He was paid straight time for Monday, Tuesday, Wednesday, Thursday and Saturday, and one and one-quarter (1¼) times his rate for the first hour Sunday and one and one-half (1½) times his rate for the seven (7) remaining hours.

The agreement in Paragraph VIII provides inter alia:

"c. For the purpose of determining overtime, eight (8) hours shall constitute a day's work and forty (40) hours the maximum work-week. Time and one-half shall be paid for all overtime in excess of eight (8) hours in any one day or for all overtime in excess of forty (40) hours in any one week. Time and one-half shall be paid for all consecutive hours worked over eight (8) where such hours occur [sic] outside the employee's scheduled hours of work. Overtime paid on a daily basis shall not be duplicated on a weekly basis. Employees who are called upon to work in excess of their scheduled working hours in any one day or week may not be laid off during their regular scheduled working hours to equalize this overtime.

"f. When an employee is called for work and is furnished less than three (3) hours work, he shall receive three (3) hours pay. In cases of emergency when an employee leaves the plant and is called back to work, he shall be guaranteed a minimum of three (3) hours pay at time and one-half his regular rate.

"g. Sunday Premium. All hours worked by an employee on Sunday, which are not paid for at an overtime or premium rate, shall be paid for at the rate of one and one-quarter (1¼) times the employee's regular straight time hourly rate exclusive of shift differentials. For the purpose of this provision, Sunday shall be deemed to be the twenty-four (24) hour period commencing with the shift changing hour nearest to 7:00 A.M. on Sunday.

"Effective May 1, 1960 the Sunday Premium rate shall be one and three-tenth (1³⁄₁₀) times the employee's regular straight time hourly rate exclusive of shift differentials."

The employee grieved requesting that he was entitled to call back premium pay (Paragraph VIII(f), supra) for the seven (7) hours worked Saturday, a day on which he was not scheduled to work, at the rate of one and one-half (1½) times his hourly pay.

The Arbitrator made an award finding that the situation was a case of emergency within the language of the agreement and that the employee was entitled to be compensated at the rate of one and one-half (1½) times his hourly pay for that Saturday.

The employer then paid the employee for seven (7) hours at the rate of time and one-half per hour, or $22.3125 for said Saturday, and time and one-quarter for Sunday, or $21.24, the total difference being $3.71, which is $3.71 more than employer had previously paid.

The plaintiff now contends that the employee under the Arbitrator's award was entitled to receive compensation at one and one-half time for all hours over forty (40), namely: seven (7) hours, for under the agreement (Paragraph VIII(c), supra) it is provided that all hours over forty (40) in any one week

shall be at overtime pay of one and one-half and in Paragraph VIII(g), supra, the Sunday Premium rate of one and one-quarter did not apply because the hours of work for the entire week were forty-seven (47) hours. And, on the contrary, the employer contends that since employee was paid a premium rate (1½ times) for Saturday, he is also not entitled to a like premium rate for Sunday because the premium rate for Sunday under the agreement is one and one-quarter (1¼).

A careful review of the opinion and the award by the impartial Arbitrator indicates that the hours per day and days that the employee worked were before the Arbitrator. He skillfully reviewed the applicable parts of the agreement and what was paid by the employer and said:

"  *  *  *  He was paid at straight time for the first thirty-nine hours, and was paid premium pay for Sunday at one and one-quarter times his rate for the first hour and time and one-half for seven hours, as provided for in the contract. Under Paragraph (g) employees receive a premium rate for all hours worked on Sunday as such, however, the language precludes pyramiding of overtime and premium compensation. Accordingly, excluding the premium pay for Sunday, the grievant's earnings for the thirty-nine hours of work was at straight time. The issue to be resolved is whether under the circumstances the grievant is entitled to premium pay at time and one-half for the seven hours worked on Saturday, such day being an extra shift which was not included in the posted schedule." (Award of Arbitrator dated October 13, 1960 at pp. 2-3)

"  *  *  *  He was paid straight time for the seven hours of Saturday work. The question is whether this method of payment was proper, or, whether he should have received premium pay?  *  *  *  " (Award of Arbitrator dated October 13, 1960 at p. 8)

In addition, the Arbitrator decided that the call back of the employee on Saturday, since he was not scheduled to work, was an emergency under Paragraph VIII(f), supra.

■■  So I conclude that the Arbitrator had all of the facts of the case before him and it is not my prerogative to read and consider beyond the record before me and to add or substract from the opinion and the award.

In United Steelworkers of America v. American Manufacturing Company, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960), the Court said:

"The function of the court is very limited when the parties have agreed to submit all questions of contract interpretation to the arbitrator.  *  * (pp. 567-568, 80 S.Ct. p. 1346, 4 L.Ed.2d 1403)

"The courts, therefore, have no business weighing the merits of the grievance, considering whether there is equity in a particular claim, or determining whether there is particular language in the written instrument which will support the claim.  *  *  *  (p. 568, 80 S.Ct. p. 1346, 4 L.Ed.2d 1403)

"When the judiciary undertakes to determine the merits of a grievance under the guise of interpreting the grievance procedure of collective bargaining agreements, it usurps a function which under that regime is entrusted to the arbitration tribunal. (p. 569, 80 S.Ct. p. 1347, 4 L.Ed.2d 1403)"

■  This complaint and petition seek to have this Court read beyond the opinion and the award, and to make a supplemental finding and an award. This is not the function, obligation or duty of the Court in a case of this kind.

■  The claim for counsel fees of $1,250.00 for the plaintiff is not provided for under § 301 of the Labor Management Act of 1947 as amended (29 U.S.C.

§ 185) and, therefore, is without merit. Likewise, the defendant's claim for counsel fees of $1,250.00, claimed because plaintiff asked for an award of fees, is not based on statutory or case law.

### ORDER

And now, April 23, 1963, plaintiff's motion for judgment is denied, and plaintiff's complaint and petition is dismissed with prejudice.