TRANSPORT WORKERS UNION OF PHILADELPHIA, A.F.L.–C.I.O., LOCAL NUMBER 234, by Harold Newsome, Trustee Ad Litem,

v.

PHILADELPHIA TRANSPORTATION COMPANY.

Civ. A. No. 35333.

United States District Court
E. D. Pennsylvania.

April 16, 1964.

Eugene John Lewis, Philadelphia, Pa., for plaintiff.

Miles W. Kirkpatrick, Morgan, Lewis & Bockius, Philadelphia, Pa., for defendant.

WOOD, District Judge.

This controversy concerns a labor dispute between the above-named parties which ultimately was referred to arbitration culminating in an award which contains certain language that has been subjected to different interpretations by each party.

### FINDINGS OF FACT

1. The plaintiff is the Transport Workers Union of Philadelphia, A.F.L.-C.I.O., Local Number 234 (hereinafter referred to as "Union").

2. The defendant is the Philadelphia Transportation Company (hereinafter referred to as "P.T.C."), a Pennsylvania corporation which is engaged in the transportation business in the City of Philadelphia.

3. At the time of the events in issue, the Philadelphia Truck Rental Company (hereinafter referred to as "Truck Rental"), was a wholly owned subsidiary of the P.T.C. engaged in the renting and leasing of trucks for use anywhere in the United States.

4. On January 17, 1964, P.T.C. notified the Union that effective February 9, 1964 the Truck Rental was withdrawing its trucks from the Southern Garage of the P.T.C. and would perform its own maintenance and repair work instead of having such work performed at Southern Garage by P.T.C. employees as at present.

5. A written grievance was filed by the Union with the P.T.C. on February 19, 1964, to prevent a union member, Anthony Bianco, from being forced to do work on Truck Rental's vehicles.

6. The P.T.C. refused to honor the grievance and by reason of Article II, Section 202 of the collective bargaining agreement the Union demanded arbitration of its grievance.

7. Both parties agreed to the arbitration under the rules of the American Arbitration Association.

8. The hearing was held on February 21, 1964, and the panel rendered its award on February 28, 1964, as follows:

"The problem arising from the gassing of Truck Rental vehicles at the Southern Garage is resolved on the basis of the following program: The P.T.C. employees will continue to perform this function until installation of the tank facilities on the Truck Rental property, which is expected to be completed within approximately a week, barring unforeseen difficulties. Thereafter, and following the installation of the latter, *the scheduled or routine gassing will be performed on the Truck Rental property by Truck Rental employees.*"

9. Tank facilities were installed on March 6, 1964, and union members ceased to "gas" Truck Rental vehicles at the Southern Garage.

10. On March 7th and 9th certain Truck Rental vehicles arrived at the Southern Garage for fueling when no Truck Rental employees were present on the Truck Rental premises at 19th and Moyamensing Streets in Philadelphia.

11. Union members at the P.T.C. Southern Garage were ordered to "gas" these trucks or be discharged. Two members, Anthony Bianco and Alfredo Verdecchio, were discharged but reinstated on March 9, 1964.

12. The Union filed a Complaint in Equity with the Court of Common Pleas No. 3 of Philadelphia County on March 13, 1964, and the P.T.C. removed the

action to the District Court on March 17, 1964. Thereafter, the Union filed its present motion to remand the action to the State Court and the P.T.C. countered with a motion for a preliminary injunction seeking a resubmission of the dispute to the Arbitration Board with a request for clarification of the Award, particularly the part which refers to "scheduled or routine gassing," in relation to the circumstances giving rise to the present dispute, including the dispute involving Anthony Bianco. This motion was followed by the Union's motion for a preliminary injunction to restrain the P.T.C. from disciplining or discharging any of its employees who are members of the Union for refusing to "gas" Truck Rental vehicles.

## DISCUSSION

This case arises under Section 301(a) of the Labor Management Relations Act of 1947 (29 U.S.C.A. § 185(a)) which governs suits between unions and employers alleging a breach of a collective bargaining agreement. The Union alleges in its Equity Complaint filed with the State Court that the P.T.C. refuses to honor an arbitration award rendered pursuant to the procedures contained in an existing collective bargaining agreement between the parties.

Philadelphia Truck Rental leases its trucks on a short and long term basis. The P.T.C. contends that the short term or "transient" trucks were not ordered by the arbitration award to be "gassed" *only* at the Truck Rental facilities. This interpretation of the Award is based on the language "scheduled or routine gassing will be performed on the Truck Rental property by Truck Rental employees." The P.T.C. contends that "scheduled or routine" can only apply to long term leased vehicles which are the only trucks that are serviced on a "scheduled or routine" basis. The P.T.C. further argues that the Award requires the Union members to "gas" Truck Rental vehicles on occasions when Truck Rental employees are not available.

The Union disputes this interpretation of the Award and states that the Award clearly requires that *all* Truck Rental vehicles be gassed at *all* times by Truck Rental employees only.

Also, the Union questions the jurisdiction of this Court to consider this matter since the original complaint prayed for a preliminary injunction which cannot be granted by a Federal Court under Section 4 of the Norris-LaGuardia Act. Sinclair Refining Co. v. Atkinson, 370 U.S. 195, 82 S.Ct. 1328, 8 L.Ed.2d 440 (1962).

A suit to enforce compliance with an arbitration award rendered pursuant to a collective bargaining agreement is within the ambit of Section 301 (a). Textile Workers Union, etc. v. Lincoln Mills, 353 U.S. 448, 458, 77 S.Ct. 912, 923, 1 L.Ed.2d 972 (1957). This Court has jurisdiction of such a suit provided the award is final and binding under the collective bargaining agreement. General Drivers, Warehousemen and Helpers, Local Union, etc. v. Riss & Co., 372 U.S. 517, 83 S.Ct. 789, 9 L.Ed.2d 918 (1963). Such enforcement may take the form of an injunction if this will effectively insure compliance with the provisions of the agreement. Textile Workers Union, etc. v. Lincoln Mills, supra, 353 U.S. at p. 458, 77 S.Ct. at p. 918, 1 L.Ed.2d 972; citing Syres v. Oil Workers International Union, etc., 350 U.S. 892, 76 S.Ct. 152, 100 L.Ed. 785 (1955).

There is no provision for appellate review of an arbitration award contained in the collective bargaining agreement between the Union and the P.T.C. Therefore, the Award in issue must be considered a final award.

However, while the Award in this case may be final it appears to the Court that it has generated a collateral dispute concerning the meaning of its essential terms. It is not within the province of this Court to intrude into the arbitration procedure and interpose its interpretation of a disputed award on the parties to a collective bargaining agreement. United Steelworkers of America v. American Manufacturing Company, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403

(1960); United Cement etc. Workers v. Penn-Dixie Cement Corp., 216 F.Supp. 667 (E.D.Pa.1963).

 There exists a legitimate disagreement regarding the scope and effect of this Award even though each party contends that the Award as rendered clearly supports their diverse positions. Therefore, in compliance with the mandate of Textile Workers Union of America v. Lincoln Mills, supra, that a Federal substantive law is to be fashioned according to the policy of our national labor laws, we direct the parties to resubmit this Award to the same arbitration panel for an explanation of its terms in light of the facts and discussion contained in this Opinion. We retain jurisdiction of this case until the Award is elucidated, whereupon either party shall make a motion to enforce the Award as a final judgment. United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). This disposition appears to the Court to be the most effective solution to this problem and is in complete harmony with the provisions of the collective bargaining agreement.

## CONCLUSIONS OF LAW

1. We have jurisdiction of the parties and the subject matter under Section 301(a) of the Labor Management Relations Act of 1947.

2. Neither party claims that the Award is ambiguous. Each contends that its language supports their respective claims as hereinbefore set forth. In our opinion justice would be served without harm to either party if the Arbitration Board redrafted their Award and rendered one on the basis of the record before them as of February 21, 1964, which would leave no doubt as to what was intended by their original Award.

3. We direct the parties to resubmit the Award for a more definitive finding by the same panel of arbitrators.

## ORDER

And now, this 16th day of April, 1964, the plaintiff's motion to remand is denied. All further proceedings in this suit are stayed pending resubmission of the arbitration award to the same panel of arbitrators for a more definitive finding giving proper consideration to the facts and discussion contained in this Opinion.

It is further ordered that after the Award is interpreted by the panel, either party shall make the proper motion to this Court to enforce the Award as a final judgment.

We direct the parties to resubmit this Award to the arbitration panel within 10 days from the date of this Order.