**RESILIENT FLOOR AND DECORATIVE COVERING WORKERS, LOCAL UNION 1179, affiliated with the Brotherhood of Painters and Allied Trades, AFL–CIO, Plaintiff,**

v.

**WELCO MANUFACTURING COMPANY, INC., a corporation, Defendant.**

No. 77–0178 CV W 4.

United States District Court,
W. D. Missouri, W. D.

July 16, 1979.

---

**1208**

Robert L. Uhlig, Blake & Uhlig, Kansas City, Kan., William A. Jolley, Gant, Jolley, Moran, Walsh, Hager & Gordon, Kansas City, Mo., for plaintiff.

William M. Austin, Welch & Austin, Kansas City, Mo., for defendant.

## OPINION AND ORDER

ELMO B. HUNTER, District Judge.

This is an action brought by plaintiff labor union against Welco Manufacturing Company, Inc. wherein plaintiff alleges that defendant has violated the labor agreement between the parties. The Complaint seeks to remand an Arbitrator's Award back to the Arbitrator to clarify his award as to what constitutes "interim earnings," * as the parties have been unable to agree to the amount of back pay due the employees under the Award. Defendant, in its answer to the complaint, admits the factual allegations in paragraphs 1 through 16 and denies only paragraphs 17 and 18 which are plaintiff's conclusion of law and prayer for relief.

Jurisdiction is invoked pursuant to 29 U.S.C. § 185.

The parties have stipulated to, inter alia, the following facts:

1. On or about June 30, 1973, plaintiff and defendant executed and signed a collective bargaining agreement binding the parties to various terms and conditions of employment for the employees. The contract to be in full force and effect from June 30, 1973 through June 30, 1976.

2. The agreement referred to in paragraph 1 provides, in part, in Article XVIII, as follows:

"Section 1. . . . In the event an employee feels he has been discharged for other than just cause he shall have the right to appeal through the grievance and arbitration procedure . . . ."

3. The agreement referred to in paragraph 1 provides, in part, in Article XXIII, as follows:

"Section 1. Any grievance submitted and carried forward in accordance with the grievance procedure which is not satisfactorily adjusted in Step (c) above may be taken to arbitration by the Employer or the Union as herein provided."

"Section 2. The arbitrator shall have no power to determine arbitrability nor to add to, subtract from, modify or amend any provision of this Agreement, nor to substitute his discretion for the discretion of the Union or the Employer, change existing wage rates, modify disciplinary action, award monetary damages except back pay in case of wrongful discharge, or arbitrate proposals for the amendment or renewal of this Agreement. No award shall be effective retroactively beyond the date at which the grievance was first presented in writing pursuant to the grievance procedure, nor for any period subsequent to the termination of this Agreement."

4. Pursuant to the collective bargaining agreement, and the Sections set forth above in paragraphs 2 and 3, plaintiff properly pursued the grievance procedure with regard to a dispute between plaintiff and defendant concerning the discharge of three employees, Lindsey, Tatum and Vanderford. Local 1179 and Welco subsequently agreed to submit the dispute to arbitration in accordance with Article XXIII of the agreement.

---

* The arbitrator made the following award: "Grievants are to be reinstated with all seniority rights and back pay less sixty (60) days and interim earnings."

5. After proper submission of the dispute to the arbitrator, a hearing was held on or about November 6, 1974. On or about February 25, 1975, Arbitrator Stanford C. Madden issued an Award [quoted in the footnote on the first page of this Opinion and Order].

6. The Arbitrator's Award ordered the employees reinstated with all seniority rights and back pay less sixty (60) days and interim earnings. The Arbitrator concluded that the discharges were unjust in light of the circumstances.

7. After Arbitrator Madden's Award was issued the defendant placed the three employees back on their jobs, but they did not receive back pay as called for in the Award.

8. On June 18, 1975, plaintiff filed an action in the United States District Court for the Western District of Missouri to enforce the award of Arbitrator Madden.

9. On November 28, 1975, the Court issued its Memorandum and Order on Cross-Motions for Summary Judgment, which directed the Clerk to enter judgment in favor of plaintiff.

10. The defendant appealed the Court's decision noted in paragraph 9, above, to the Eighth Circuit.

11. On October 21, 1976, the Eighth Circuit affirmed the Order entered by the District Court.

12. Despite Arbitrator Madden's Award and the above-mentioned court decisions, the parties have been unable to resolve the amount of back pay due the employees because of a disagreement as to what constitutes "interim earnings" in Arbitrator Madden's Award. No back pay has been paid as of this date.

13. Thereafter, plaintiff requested the defendant to have Arbitrator Madden clarify his Award in respect to what constitutes interim earnings. The defendant has refused. The defendant contends the Award of Arbitrator Madden should be clarified by another arbitrator as a new grievance.

The parties have stipulated that no issues of fact remain to be litigated at trial and that the case is ripe for ruling upon the issues of law raised by plaintiff's motion for summary judgment. The parties agree that the following issues of law, and no others, remain to be determined by the Court:

1. Whether or not, under the stipulated facts of this case, plaintiff is entitled to an Order directing the parties to remand the Arbitrator's Award back to the original Arbitrator to determine the specific dollar amount of back pay due the grievants under the Award.

2. Whether or not under the stipulated facts of this case, defendant is entitled to an Order directing the parties to submit the question of the specific amount of back pay due the grievants under the Award to an Arbitrator other than the original Arbitrator.

3. Whether plaintiff is entitled to recover his costs and attorney fees from defendant.

4. Whether defendant is entitled to recover his costs and attorney fees from the plaintiff.

The Court, having carefully considered the matter, is of the opinion that the dispute over the interpretation to be given to Arbitrator Madden's phrase "interim earnings" should be remanded to Arbitrator Madden for resolution by him and should not be deemed a separate, arbitrable grievance arising under the collective bargaining contract.

In *San Antonio Newspaper Guild Local No. 25 v. San Antonio Light Division*, 481 F.2d 821 (5th Cir. 1973), the union sued for enforcement of an arbitrator's award. That award provided, inter alia, that "[g]rievant shall be made whole for any loss in earnings for the period of May 6, 1971, to July 23, 1971, and from September 20, 1971, to the date of his reinstatement." The parties could not, however, reach agreement on the financial implementation of the award. As the Court explained at 822:

"The Company's position was that the amount it would otherwise have owed Sweet as back pay for the period prior to

his reinstatement ($4,386.26) should be set-off against the total of Sweet's interim earnings of $3,560.00, his severance pay of $4,760.28, and pay in lieu of notice of $340.02. Under this method of computation there existed an overage of $4,274.04 in Sweet's favor which, the Company claimed, he was obliged to repay. Sweet, however, was of the view that the award required the Company to pay him the full amount of back pay for the period specified, the only permissible deduction therefrom being payments for unemployment compensation which, in his case were not made."

The Company requested the Union to join it in a request to Arbitrator Florey (the original arbitrator) for clarification of his award. The Union refused to do so on the ground that the original award was unambiguous and made no provision for any of the deductions which the Company claimed. The Union then brought the action which was the subject of the Fifth Circuit's opinion wherein it sought to enforce Arbitrator Florey's award. In the meantime, the Company had filed a grievance against the Union and, while the lawsuit was pending in Court, the grievance went before Arbitrator Horton. Although the Union fully participated in the arbitration proceeding before Arbitrator Horton, it contended that Arbitrator Horton was without jurisdiction to interpret the award of Arbitrator Florey. Arbitrator Horton ruled, however, that he did have jurisdiction to interpret the award of Arbitrator Florey and proceeded to interpret Arbitrator Florey's award in such a manner that the Union was aggrieved.

Upon cross-motions for summary judgment, the district court entered judgment in favor of the Company and directed the Union to comply with the award of Arbitrator Horton. On appeal to the Fifth Circuit, the Union argued that "the Company's grievance, seeking interpretation of Arbitrator Florey's award, was not an arbitrable matter and that as a result Arbitrator Horton did not have jurisdiction to consider it." Id. at 823. At 824–26, the Court dealt with the Union's argument thus:

"[U]nder the peculiar circumstances of this case we find it unnecessary to decide the issue. While we might otherwise be inclined to agree with the Union that even under the usual standard the Company's grievance did not present an arbitrable matter, we think that Arbitrator Horton's award in this instance, having resolved the dispute between the parties, should be given full effect. Fieri non debet, sed factum valet. [Translation: It ought not to be done, but having been done, it is valid.]

"The difficulty we have with the Union's argument is that it would have us ignore Arbitrator Horton's award altogether and enforce Arbitrator Florey's award. This we would be unable to do under the circumstances. Arbitrator Florey's award, we think, at least insofar as it relates to financial matters, was ambiguous and thus unenforceable unless and until clarified.

\* \* \* \* \* \*

"The normal course of action in such cases, then, is for the court to remand the matter to the original arbitrator for clarification. To do so in this case, however, would be a pointless gesture. There has already been a clarification of Arbitrator Florey's award, albeit by a different arbitrator, Arbitrator Horton. Nonetheless Arbitrator Horton has done precisely what Arbitrator Florey would do were we to remand to him, that is, he resolved the ambiguity in the original award by careful reference to the terms of the collective bargaining agreement. We, therefore, are of the view that an appropriate resolution of this already too-lengthy dispute would in no way be served by remanding to Arbitrator Florey for yet another interpretation of his original award. On that basis we accept as binding on the parties Arbitrator Horton's interpretation which, we think, finally and fully resolves the issue between the parties."

At fn. 3, p. 824, the Court noted:

". . . the collective bargaining agreement here at issue—upon which Arbitrator Horton's authority to act neces-

sarily rested—makes no provision for grieving the *award* of an Arbitrator which, according to the language of the contract itself, 'shall be final and binding.' Rather, the grievance machinery may be invoked, either by the Union or the Company, for 'all grievances *arising under this agreement.*' We doubt that the *award* of an arbitrator—as opposed to the *procedure* for securing arbitration—falls within the four corners of the agreement before us. If not, the award itself would not constitute an arbitrable issue.

"There may be, however, special circumstances where invocation of grievance machinery might be appropriate following the award of an arbitrator. Ordinarily this would occur where a *collateral* dispute arises from an award which is *not* self-executing. . . . This is not such a case. *Arbitrator Florey's award was clearly intended to be and would have been self-executing but for an ambiguity therein, discussed below, which left the parties at odds over its interpretation.*" [emphasis of last sentence supplied; all other emphasis in the original]

In this case, as in the San Antonio Newspaper case, the original arbitration award was intended to be self-executing and would have been but for an ambiguity contained therein. The award of Arbitrator Madden does not, in this Court's judgment and under the facts of this case, because of an ambiguity contained therein, form the basis of a grievance arising under the terms of the collective bargaining agreement between plaintiff and defendant. It is to be emphasized that, under the terms of the collective bargaining agreement, the term "grievance" is defined as "any dispute between the Employer and the Union concerning the interpretation or application of any provision of this agreement . . ." Article XXII, Section 1.

Clearly, this Court has the power to resubmit a labor arbitration award to the arbitrator who made the award for clarification of an ambiguity. *United Steelworkers of America v. Interpace Corporation,* 447 F.Supp. 387, 391 (W.D.Pa.1978). *See* *also International Association of Machinists v. Crown Cork & Seal,* 300 F.2d 127 (3d Cir. 1962); *United Furniture Workers of America v. Virco Manufacturing Corporation,* 257 F.Supp. 138 (E.D.Ark.1962); and *Transport Workers Union of Philadelphia Local Number 234 v. Philadelphia Transportation Company,* 228 F.Supp. 423 (E.D.Pa.1964). Under the facts of this case, such a resubmission is clearly appropriate.

Accordingly, it is hereby

ORDERED that the parties resubmit the grievance in question to Arbitrator Madden in order that Arbitrator Madden will have an opportunity to determine the specific dollar amount of back pay due the grievants under his previous arbitration award. Plaintiff's motion for summary judgment is, therefore, granted, and the Clerk is directed to assess costs against the defendant.

Having considered plaintiff's prayer for an award for attorney's fees, the same is hereby denied.