**HERMANDAD INDEPENDIENTE DE EMPLEADOS TELEFONICOS,**
Plaintiffs

v.

**PUERTO RICO TELEPHONE COMPANY, Defendants.**

**Civil No. 05–1777 (JAG).**

United States District Court,
D. Puerto Rico.

May 25, 2007.

Alejandro Torres–Rivera, Nora Vargas–Acosta, De Jesús, Hey & Vargas Law Office, San Juan, PR, for Plaintiff.

Enrique R. Padro, Esq., Pedro J. Manzano–Yates, Esq., Pedro A. Buso–García, Esq., Fiddler, González & Rodríguez, San Juan, PR, for Defendant.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court are cross motions for Summary Judgment by defendant Puerto Rico Telephone Company ("PRTC") and by plaintiff Hermandad Independiente de Empleados Telefonicos ("HIETEL"), both of which were referred to United States Magistrate Judge Justo Arenas for Report and Recommendation. The Magistrate Judge issued a Report and Recommendation in which he recommended that the Court deny PRTC's motion and grant HIETEL's motion. PRTC timely filed objections to the Report and Recommendation. Upon *de novo* review of those portions of the Report and Recommendation to which PRTC objects, the Court **REJECTS** the Report and Recommendation in its entirety. However, the Court **HOLDS IN ABEYANCE** the motions for summary judgment and **REMANDS** the case to the Arbitrator for clarification of the remedy awarded in the case of Pagan's termination.

## FACTUAL BACKGROUND

At all relevant times, PRTC and HIETEL were parties to a collective bargaining agreement ("CBA"). The dispute among the parties arose from the suspension on December 22, 1999 and dismissal on September 5, 2001 of Walter Pagan Aguayo ("Pagan"), an employee of PRTC and member of HIETEL, the labor union which represents employees of PRTC that are part of its bargaining unit. The CBA provided that employee grievances were to be resolved by way of arbitration before the Bureau of Arbitration and Conciliation of the Department of Labor of Puerto Rico ("Bureau"). Accordingly, HIETEL filed a grievance before the Bureau challenging Pagan's suspension and a another challenging Pagan's termination. On November 10, 2004, the Arbitrator issued an award in the case of the suspension, determining that the suspension was unjustified. Accordingly, she reduced Pagan's suspension from ten (10) days to three (3) days and ordered that he be reimbursed for the seven (7) days that he did not receive salary. The parties later agreed to consolidate both cases. Consequently, on March 10, 2005, the Arbitrator issued a Resolu-

tion stating that the award issued on November 10, 2004 should have also included the case challenging termination. The Arbitrator stated that the remedy awarded was applicable to both cases, since they had been consolidated because the matter was one of progressive discipline. On February 12, 2005, HIETEL received a check from PRTC payable to Pagan, reimbursing Pagan for the seven (7) days of unfair suspension, as required by the Arbitrator's award. PRTC did not reinstate Pagan to his former position.

On June 3, 2005, HIETEL filed a charge for unfair labor practice in the Puerto Rico Labor Relations Board ("PRLRB"), seeking enforcement of the arbitration award for alleged breach of the CBA. HIETEL sought to have Pagan reinstated to his former position at PRTC. On July 14, 2004, a notice of removal pursuant to 29 U.S.C. §§ 185, 1441, 1446 was filed in this court by PRTC. (Docket No. 1).

## DISCUSSION

### A. Standard for Reviewing a Magistrate–Judge's Report and Recommendation

A district court may, on its own motion, refer a pending matter to a United States Magistrate–Judge for a report and recommendation. See 28 U.S.C. § 636(b)(1)(B); Fed. R.Civ.P. 72(b); Rule 503, Local Rules, District of Puerto Rico. Pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 510.2, the adversely affected party may contest the report and recommendation by filing written objections "[w]ithin ten days of being served" with a copy of the order. 28 U.S.C. § 636(b)(1). The Court must then make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. See United States v. Raddatz, 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424

(1980); Lopez v. Chater, 8 F.Supp.2d 152, 154 (D.P.R.1998). The Court may accept, reject or modify, in whole or in part, the Magistrate–Judge's recommendations. "Failure to raise objections to the Report and Recommendation waives [that] party's right to review in the district court and those claims not preserved by such objections are precluded on appeal." Davet v. Maccarone, 973 F.2d 22, 30–31 (1st Cir. 1992) (citations omitted).

### B. Standard for Motion for Summary Judgment

Summary judgment is appropriate when the evidence before the court shows that "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R.Civ.P. 56(c)." Seaboard Sur. Co. v. Greenfield Middle Sch. Bldg. Comm., 370 F.3d 215, 218 (1st Cir.2004). An issue is genuine for purposes of summary judgment if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party" and a material fact is one which "might affect the outcome of the suit under the governing law." Hayes v. Douglas Dynamics, Inc., 8 F.3d 88, 90 (1st Cir.1993) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). The moving party bears the initial responsibility of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The nonmoving party then bears the burden of "producing specific facts sufficient to deflect the swing of the summary judgment scythe." Mulvihill v. Top–Flite Golf Co., 335 F.3d 15, 19 (1st Cir.2003). Those facts, typically set forth in affidavits, depositions, and the like, must have evidentiary value; as a rule, "[e]vidence that is inadmissible at trial, such as inadmissible hearsay, may not be

considered on summary judgment." *Vázquez v. López–Rosario,* 134 F.3d 28, 33 (1st Cir.1998). "The mere existence of a scintilla of evidence" is insufficient to defeat a properly supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 252, 106 S.Ct. 2505. Notwithstanding, when ruling on a motion of summary judgment, the court must scrutinize the evidence in the light most agreeable to the nonmoving party, giving that party the benefit of any and all reasonable inferences. *Cox v. Hainey,* 391 F.3d 25, 27 (1st Cir.2004). While carrying out that task, the Court safely can ignore "conclusory allegations, improbable inferences, and unsupported speculation." *Suárez v. Pueblo Int'l, Inc.,* 229 F.3d 49, 53 (1st Cir.2000)(quoting *Medina–Muñoz v. R.J. Reynolds Tobacco Co.,* 896 F.2d 5, 8 (1st Cir.1990)).

## C. *PRTC's Objections to the Report and Recommendation*

PRTC objects to the Magistrate–Judge's Report and Recommendation on three (3) grounds. First, PRTC states that the Report and Recommendation "does not include PRTC's Uncontested Facts, some of which were expressly admitted by HIETEL and others which were not opposed with proper documentary evidence." PRTC lists the uncontested facts that it understands were expressly admitted by HIETEL as well as the uncontested facts that it believes were not properly opposed by HIETEL.

The second ground for objection by PRTC is that "the Magistrate Judge does not address the issue of whether HIETEL had the right to untimely file a review of the award." PRTC's argument is that "HIETEL's filing of a charge of an alleged unfair labor practice in the PRLRB seeking enforcement of the award, seven months after the award was tendered, was really a request for review of the award issued by the Arbitrator." As such, PRTC argues that it is time-barred, since the collective bargaining agreement provides a 30–day period to request review of an award.

The third and last ground for objection by PRTC is that "the analysis used by the Magistrate Judge in the Report and Recommendation, in order to add a remedy to the award, is at odds with the relevant case law on the review of labor and arbitration decisions." PRTC argues that the award rendered by the Arbitrator was clear and that additionally, any doubt as to the scope of the award was elucidated by the Resolution issued subsequently. According to PRTC, the Magistrate–Judge's analysis is unreasonable because the Court cannot determine on the one hand that PRTC complied with the award and on the other that it must comply with the additional remedy of reinstatement, which was not mentioned by the Arbitrator. PRTC sustains that in not mentioning the remedy of reinstatement, the Arbitrator meant not to award it, especially since Pagan requested reinstatement by filing a grievance after he was terminated. The Magistrate–Judge arrived at the opposite conclusion: that if it would have been the intention of the Arbitrator not to order reinstatement, the award would have said so and that the Arbitrator must have meant to award reinstatement because he reduced the suspension from ten (10) to three (3) days; if the suspension sanction was unjust, then the dismissal must also be unjust. PRTC sustains that the Magistrate–Judge concluded this without pointing to where the Arbitrator stated that termination was unjust and without mentioning the offenses related to the termination, which according to PRTC, are separate from those on which the suspension was based. PRTC argues that because the offenses that led to the sus-

pension were different from those that led to the termination, a finding by the Arbitrator that the suspension was not proportional to the facts should not have led the Magistrate–Judge to conclude that the same was true regarding termination. Finally, PRTC claims that the Magistrate–Judge's conclusions are contrary to normative case law because his review of the arbitration award was not deferential.

### D. *Analysis*

Since the matter raised in PRTC's third objection, regarding the clarity of the award in the case of Pagan's termination, disposes of the issue before the Court, we will limit our discussion to that matter. The only issue in this case hinges upon the interpretation of the Arbitrator's resolution regarding termination. Both parties argue that the remedy awarded by the Arbitrator regarding termination is clear and does not require clarification. However, the parties do not coincide on what the "clear" meaning of the resolution is: While PRTC sustains that the Arbitrator never ordered reinstatement, HIETEL sustains that she did. The controversy having been defined, we review the language of the Resolution issued on March 10, 2005. It states, in relevant part, as follows:

> The case of reference [re: dismissal] was consolidated at the request of the parties in question, with case A–01–1225 [re: suspension] because it deals with an issue of progressive discipline. The award in the case A–01–1225 was issued on November 10, 2004 and in the same it was determined that the suspension imposed upon the complainant was not justified, the sanction was modified to a suspension of three (3) working days and the payment of the salaries not earned for the remaining seven (7) days.
>
> Given that cases A–01–1225 [re: suspension] and A–02–924 [re: dismissal]

were consolidated, the Award of reference should include the complaint in this last case. Having corrected the situation, case number A–02–942 [re: dismissal] is closed and its filing with prejudice is ordered since the remedy issued in case number A–01–1225 [re: suspension] is applicable in the case of reference [re: dismissal].

Arguably, the Arbitrator could have meant two things when she stated that the award issued in the case of the suspension included the complaint in the case of the termination: (i) that the reimbursement of seven (7) days worth of salary was the only remedy granted to Pagan (and that reinstatement, as an additional remedy, was not granted) or (ii) that the sanction of suspension, as modified by the Arbitrator, was the only sanction to be imposed on Pagan (and that reinstatement was granted since termination was not an approved sanction). The Arbitrator did not address termination or reinstatement directly, so she either did not provide for reinstatement (a remedy) or she did not provide for termination (a sanction). The Magistrate–Judge determined that it was the latter. However, this Court is not convinced that the matter is so clear.

The scope of review of an arbitrator's decision in labor disputes is extremely narrow and "extraordinarily deferential." *Dorado Beach Hotel Corp. v. Union de Trabajadores de la Industria Gastronomica Local,* 959 F.2d 2, 3–4 (1st Cir.1992). "It is the arbitrator's view of facts and of the meaning of the contract that they [the parties] have agreed to accept." *United Paperworkers Int'l. Union v. Misco,* 484 U.S. 29, 32–38, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987). Since the judicial review of an arbitration award is very limited, an award may only be declared unenforceable by the court when the arbitrator "dispenses his own brand of industrial jus-

tice" and strays from the arbitration agreement. *Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). The Court may not overturn the arbitrator's decision on the merits even when it is convinced that serious error has occurred if the "arbitrator is even arguably construing or applying the contract and acting within the scope of his authority." *Eastern Associated Coal Corp. v. Mine Workers*, 531 U.S. 57, 62, 121 S.Ct. 462, 148 L.Ed.2d 354 (2000).

■ Further, under the doctrine of "functus officio" in the law of arbitration, once the arbitrator issues his final award, his authority over the case ends and he lacks power to revise it. *Glass Molders, Pottery Plastics & Allied Workers Int'l Union v. Excelsior Foundry Co.*, 56 F.3d 844, 845 (7th Cir.1995); *Mercury Oil Refining Co. v. Oil Workers International Union*, 187 F.2d 980, 983 (10th Cir.1951). The First Circuit has recognized that this doctrine precludes an arbitrator from vacating, modifying, supplementing, or correcting his award. *Courier–Citizen v. Boston Electrotypers Union No. 11*, 702 F.2d 273, 278 (1st Cir.1983).

■ However, when a labor award is ambiguous, indefinite or unclear, the courts generally have recognized the power to remit to the arbitrator for clarification. "It is now well established that ambiguities and uncertainties of labor arbitration awards should not be resolved by the court acting as interpreter. Rather the proper approach is to resubmit the award to its author for clarification." *Teamsters Local v. Penn. Transp. Corp.*, 359 F.Supp. 344, 350 (D.C.Mass.1973). "[W]here the parties have elected to submit their disputes to arbitration, they should be completely resolved by arbitration, rather than only partially resolved. In some cases the carrying out of this philosophy will require remanding the matter to the arbitrators." *Hanford Atomic Metal Trades Council v. General Electric Co.*, 353 F.2d 302, 308 (9th Cir. 1965). In a case where the issue was identical to the one before the Court now (each party contended that the language of the award supported its claims, and neither contended that the award was ambiguous), *Transport Workers Union v. Philadelphia Transp. Co.*, 228 F.Supp. 423 (E.D.Pa.1964), the court directed the parties to resubmit the award to the same arbitrators for an explanation of its terms since it found that there existed a legitimate disagreement regarding the scope and effect of the award.

■ In this case, the Arbitrator's decision regarding termination is ambiguous and there is a legitimate disagreement between the parties regarding the effect of the award. The Court is not in a position to enforce the award regarding termination when it cannot reasonably determine the Arbitrator's intent. Cautious not to substitute the Arbitrator's interpretation of the award with our own, and in compliance with the established role of the courts in arbitration issues, the Court understands that this matter should be remanded to the Arbitrator for clarification of his resolution issued on March 10, 2005.

Accordingly, the parties are hereby directed to resubmit the matter to the *same* Arbitrator for clarification of whether she intended to provide for the reinstatement of Pagan or not. The remand of the matter to the Arbitrator is not meant to be an appeal or an opportunity to re-examine the final decision already rendered, nor does it require that the Arbitrator explain the reasons for her award. The Arbitrator is only directed to inform whether the award in the case of the termination of Pagan provided for his reinstatement to his former position. The court retains jurisdic-

460

tion and holds the parties' motions in abeyance until the award is clarified.

## CONCLUSION

For the foregoing reasons, the Court **REJECTS** the Report and Recommendation, **HOLDS IN ABEYANCE** PRTC's Motion for Summary Judgment and HIETEL's Motion for Summary Judgment, and **ORDERS** the parties to resubmit the matter to the same Arbitrator for clarification as to the remedy awarded in the case of the termination of Pagan.

IT IS SO ORDERED.