Hiram S. Grossman, Firestone & Grossman, Detroit, Mich., for plaintiff.

Charles Fine, Clark, Hardy, Lewis & Fine, Birmingham, Mich., for defendant.

## DETROIT AND MIDWESTERN STATES JOINT BOARD, AMALGAMATED CLOTHING WORKERS OF AMERICA, AFL–CIO, Plaintiff,

v.

## WHITE TOWER LAUNDRY AND CLEANERS, Defendant.

### Civ. A. No. 38011.

United States District Court, E. D. Michigan, S. D.

Jan. 12, 1973.

## OPINION

RALPH M. FREEMAN, District Judge.

This is an action under 29 U.S.C. § 185 (a) to enforce an arbitration award. Plaintiff, Detroit and Midwestern States Joint Board, Amalgamated Clothing Workers of America, AFL–CIO, has, as one of its members, Sylvia Smith. Defendant, White Tower Laundry and Cleaners, a firm which cleans and repairs gloves used by workers in the automotive plants, had employed Mrs. Smith in August of 1951. On March 31, 1971, she was discharged by defendant. Plaintiff filed a grievance with the defendant in behalf of Mrs. Smith which led to arbitration of the dispute on August 27, 1971. The arbitrator ordered defendant to reinstate Sylvia Smith with back pay. Grievant was to report to work on September 1, 1971, but she

asked to take her vacation time during the month of September and to return to work on October 4, 1971. This request was granted.

Defendant paid Mrs. Smith her back wages. But when she reported for work on October 4, 1971, she was told that due to a loss of business she would not be working in the plastic glove department where she had worked prior to her discharge and instead would be transferred to the patching department. Grievant refused to accept work in the patching department and was again discharged by defendant. The union then brought this suit claiming that defendant's actions did not comply with the arbitration award and that they were therefore entitled to enforcement of the award.

The court held a hearing at which time Mrs. Smith, the grievant, Reginald Fournier, plant manager for defendant, and Harry Kraus, one of the partners of defendant, testified. The plaintiff contended that despite the loss of business the grievant should have remained in the plastic glove department because she had seniority over the one person who was allowed to continue in the plastic glove department. Plaintiff claimed that Mrs. Smith had nearly 20 years of seniority dating back to the onset of her employment with defendant. Defendant argued that Mrs. Smith did not have 20 years' seniority in the plastic gloves department, as seniority is computed under Article VII, Sec. 2 of the Collective Bargaining Agreement. In addition, defendant argued that under Article III, Sec. 3 of the Collective Bargaining Agreement, it had the right to transfer the grievant to any department within the plant.

Defendant does not attack the award as being invalid or ambiguous. In fact, defendant's only response to plaintiff's complaint is that it has complied with the arbitrator's award. Defendant argues that the transfer was not made to punish grievant for filing the grievance, and maintains that the transfer would have been made even if Mrs. Smith had never been discharged. From the tes-

timony and affidavits in this case, it appears that defendant did lose business and that the subsequent reduction in force led to the transfer of the grievant. In other words, defendant appears to have been acting in good faith.

Essentially then the parties disagree on the application of the Collective Bargaining Agreement in determining grievant's seniority and defendant's right to transfer grievant. If the agreement provides for such a transfer and the transfer was in good faith, the order of reinstatement would not prevent the transfer. But resolution of such disputes is specifically provided for in the labor agreement negotiated by the parties. Thus, Article XII, Section 3, provides

All complaints, differences or disputes arising out of the meaning, interpretation, application or compliance of this Agreement shall be called grievances and shall be settled in the following manner: . . .

Thereafter the agreement provides for disposition of such grievances culminating in arbitration of such disputes if the parties are unable to reach a mutually satisfactory disposition. Thus this court should not rule on the matter of compliance of the defendant inasmuch as it is well established that arbitration of labor disputes is preferred over court disposition of such disputes.

In Aircraft Lodge 703, International Association of Machinists, AFL–CIO v. Curtiss-Wright Corp., 169 F.Supp. 837 (D.N.J.1959), the court, faced with the same problem as the case at bar, held that the dispute should be settled by arbitration and not by the court. In that case, plaintiff sued to enforce what it construed to be the terms of an arbitration award, and defendant replied that it had complied with the award, but that the Union was simply dissatisfied with the Company's action in compliance with such award. The arbitration award provided for a new job code classification. The Company attempted to implement a new job rating in compliance with the award, but the Union

objected that the new job rating was not broad enough to comply with the award. The court held that since disputes over job classifications were covered by the grievance procedure under the contract, the propriety of the new code should also be the subject of a grievance and not ruled on by the court.

We agree with the logic of the *Curtiss-Wright* case and hold that the propriety of defendant's actions should be submitted under the grievance procedure of the contract and should not be determined by this Court.

Therefore, the complaint is dismissed. An appropriate order may be submitted.