**In the Matter of the Application of Joseph HELLMAN, as President of Graphic Arts International Union Local 119B, New York, Petitioner,**

**v.**

**PROGRAM PRINTING, INC., Respondent,**

**for an order confirming the award of Israel Ben Scheiber, Arbitrator.**

**No. 75 Civ. 2420.**

United States District Court,
S. D. New York.

Sept. 16, 1975.

**916**

Lieberman, Aronson & Rosenberg, New York City, for petitioner.

Proskauer Rose Goetz & Mendelsohn, New York City, for respondent.

PIERCE, District Judge.

### OPINION AND ORDER

This is a petition to confirm and enforce an arbitration award, brought originally in New York State Supreme Court and removed to the Southern District pursuant to 28 U.S.C. § 1441 and 29 U.S.C. § 185 on May 22, 1975. Respondent now moves to dismiss on the ground that the present dispute is not within the scope of the award, and that this Court must defer to the arbitration process. The motion to dismiss the petition is denied; the petition to confirm the award is granted; and the request for enforcement is denied.

### Facts

Respondent Program Printing is engaged in the business of printing race track programs and forms. The com-pany is owned by Sullivan Brothers Printers of Lowell, Massachusetts. Program Printing first operated its print shop at Aqueduct Race Track during the 1974 racing season. Under a contract with the New York Racing Association, it printed daily racing programs for both Aqueduct and Belmont race tracks. The covers for these programs were folded and condition and stake books were printed at Sullivan Brothers.

Program Printing has entered into a number of collective bargaining agreements, one of which is with the petitioner union. The present dispute began when the union charged that the company was violating its agreement of January 21, 1974, by "having work in the operations or classifications covered by the agreement performed outside [the Aqueduct] factory." (Arbitrator's Opinion ("AO") at 1.). The union's position was that, because a previous employer had printed condition and stake books at Aqueduct and had folded program covers there, the company was obligated to do the same. On April 23, 1974, the union submitted the dispute to arbitration.

Subsequently, the company installed new machinery which, it alleged, reduced its labor requirements. On May 4, 1974, Vincent M. Migliaccio, a member of the union, was laid off. Before the arbitrator the union claimed that the layoff was due to the transfer of work to Sullivan Brothers.

On November 13, 1974, Arbitrator Israel Ben Scheiber of the New York Mediation Board rendered his decision (No. A74–1574). In a well-reasoned opinion, the Arbitrator concluded that the company had indeed transferred work in contravention of the collective bargaining agreement, and that Mr. Migliaccio's layoff was as a result of that transfer. The opinion also specifically found that there was sufficient work for Mr. Migliaccio if the transfer was stopped, despite the installation of the new equipment. (AO at 7–8). The

Arbitrator then entered the award, which directed the company to

"1. Cease having the work in operations or classifications covered by the collective bargaining agreement performed outside of its Aqueduct plant, which work it is equipped to perform.

"2. Reinstate Vincent Migliaccio on the same 6-day week basis on which he was employed prior to May 4, 1974, and that he be made whole at the rate of pay for a 6-day week as stipulated by the parties . . . . " (Award at 1).

The company thereafter reinstated Mr. Migliaccio, and asserts that it now performs in its Aqueduct plant the work which would otherwise have been done at Sullivan Brothers. However, when the Aqueduct plant reopened for the season in February, 1975, Mr. Migliaccio was not rehired. The company took the position that there was no longer enough work for Migliaccio, in that the company had lost the contract to publish condition and stake books. The union responded by bringing the present action, the collective bargaining agreement providing for enforcement of arbitration awards in the courts.

In its petition, the union asks this Court to confirm the award, and to direct the company to cease performing work outside the plant, and to reinstate Mr. Migliaccio and pay him back pay damages from February 24, 1975, the date of the refusal to rehire, and for other relief. In their moving papers in support of the motion to dismiss, counsel for the company assert that the question raised is a new one, one beyond the scope of the award. Respondent presents the issue thusly: "[E]ven if no work is being transferred from the Aqueduct plant, must Mr. Migliaccio be reinstated if there is no work for him to do?" (Respondent's memorandum at 7). Respondent then proceeds to urge that this Court defer to arbitration, asserting that it does not even have subject matter jurisdiction of the present dis-

pute. The gravamen of respondent's position is that a court may not confirm or enforce an award when the petition is being employed as a vehicle to resolve a new dispute.

In response, the union contends that the company is now attempting to convince this Court with arguments which failed before the Arbitrator. Counsel for petitioner state that this Court has subject matter jurisdiction of the controversy, and that under the United States Arbitration Act, 9 U.S.C. § 1 et seq., this Court has a duty to confirm and enforce. Petitioner claims that the award below is final and binding, clear and unambiguous, and self-executing. Asserting noncompliance, petitioner asks for enforcement.

### Discussion

Initially, this Court concludes that it has subject matter jurisdiction over the petition. 9 U.S.C. § 9. This is the case even though this dispute comes before the Court via 29 U.S.C. § 185 (§ 301 LMRA). See *Textile Workers Union v. Lincoln Mills,* 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957). Further, even though this is a § 301 action the Arbitration Act is clearly applicable. *Signal-Stat Corp. v. United Electrical Workers Local 475,* 235 F.2d 298 (2d Cir. 1956), *cert. denied,* 354 U.S. 911, 77 S.Ct. 1293, 1 L.Ed.2d 1428 (1957). Further, the collective bargaining agreement specifically provides for enforcement in the courts, a necessary prerequisite to jursdiction under the Arbitration Act. *I/S Stavborg v. National Metal Converters, Inc.,* 500 F.2d 424 (2d Cir. 1974).

Respondent's argument that this Court does not have jurisdiction is misstated. Jurisdiction to confirm is clearly present:

"[A]t any time within one year after the award is made any party to the arbitration may apply to the court . . . for an order confirming the award and thereupon the court must

grant such order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." (9 U.S.C. § 9)

██ The respondent's counsel offer none of the grounds set forth in §§ 10 or 11; they do not ask this Court to vacate or modify the award. Indeed, this Court finds no statutory reason why the award should not be confirmed. There is no charge of fraud, partiality, or misconduct on the part of the Arbitrator, nor is it claimed that the award exceeded the power of the Arbitrator or that it is not final. (See 9 U.S.C. § 10). There is further no reason to modify the award; there is no charge of mistake or miscalculation in the award; there is no charge that the Arbitrator has passed upon a matter not submitted to him; and the award is not imperfect as to form. (See 9 U.S.C. § 11).

██ The foregoing is the extent of this Court's review in a petition for confirmation. Sections 10 and 11 "exhausts the grounds upon which the district court . . . may disturb the arbitral award." *I/S Stavborg, supra,* at 429–30. Respondent's claim that the present dispute goes beyond the scope of the award is relevant to the issue of enforcement, not to the issue of confirmation. See *Machinists Lodge 1893 v. Aerojet General Corp.,* 263 F.Supp. 343, 347 (C.D.Cal.1966). Thus, the Court concludes that the award must be confirmed in its entirety.

██ However, this Court will not grant enforcement, for it concludes that the issue of whether the respondent must again rehire Mr. Migliaccio, in light of the alleged change in circumstances, is a proper subject for arbitration. The alleged loss of the contracts to print stake books and condition books, combined with the fact that racing-related employment is seasonal, militate against this Court interfering with the grievance machinery of the parties. The arbitration process is fundamental to this nation's scheme of labor-management relations, and the federal courts must give arbitration the appropriate deference. *United Steelworkers v. Enterprise Wheel and Car Corp.,* 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960); *United Steelworkers v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *United Steelworkers v. American Manufacturing Co.,* 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960). "It is not within the province of this Court to intrude into the arbitration procedure and interpose its interpretation of a disputed award on the parties to the collective bargaining agreement." *Transport Workers Local 234 v. Philadelphia Transportation Co.,* 228 F.Supp. 423 (E.D.Pa.1964). When a petition for enforcement involves a new dispute, such as this one, enforcement must be denied. *Detroit & Midwestern States Joint Board v. White Tower Laundry & Cleaners,* 353 F.Supp. 168, 169–70 (E.D.Mich.1973); *Aircraft Lodge 703 v. Curtiss-Wright Corp.,* 169 F.Supp. 837, 842 (D.N.J.1959). However, the denial on enforcement does not preclude a grant of confirmation, even where the award itself has generated a new dispute. *Machinists Lodge 1893 v. Aerojet General Corp., supra.*

Accordingly, the motion of respondent Program Printing to dismiss the petition is denied. The petition for confirmation of the Arbitrator's award is granted. The request for enforcement of the award is denied.

So ordered.