**WASHINGTON HEIGHTS—WEST HARLEM—INWOOD MENTAL HEALTH COUNCIL, INC., Plaintiff,**

v.

**DISTRICT 1199, NATIONAL UNION OF HOSPITAL AND HEALTH CARE EMPLOYEES, RWDSU, AFL–CIO, Defendant.**

**No. 83 Civ. 2495 (RWS).**

United States District Court,
S.D. New York.

May 1, 1985.

Epstein, Becker, Borsody & Green, P.C., New York City (Robert Borsody, New York City, of counsel), for plaintiff.

Sipser, Weinstock, Harper, Dorn & Liebowitz, New York City (Richard Dorn, New York City, of counsel), for defendant.

## OPINION

SWEET, District Judge.

Plaintiff Washington Heights—West Harlem—Inwood Mental Health Council, Inc. (the "Council") has moved pursuant to Fed.R.Civ.P. 15(a) and 15(d) to amend and supplement its complaint. Defendant District 1199, National Union of Hospital and Health Care Employees, RWDSU, AFL–CIO, ("1199") has moved to enforce an arbitration award requiring the Council to rehire and restore back pay to Edward Lane ("Lane"), a mental health worker and union delegate. The Council's motion to amend was granted at oral argument, and the case will proceed as set forth below.

**Prior Proceedings**

In an opinion of April 27, 1984 I granted the Council's motion for summary judgment vacating a January 7, 1983 arbitrator's award ordering the reinstatement of Lane with back pay. On November 15, 1984 the Second Circuit reversed the grant of summary judgment and remanded the action. The parties have now brought the pending motions.

**Discussion**

The facts of this case have been fully set forth both in my opinion of April 27, 1984, reported at 586 F.Supp. 1251 (S.D.N.Y.) and in the Second Circuit's opinion of November 15, 1984, reported at 748 F.2d 105 (2d Cir.1984). No new facts have been presented, and the contentions of the parties, both disputed and undisputed, remain as set forth in those opinions. Two issues are now presented: was a contract requir-

ing arbitration formed by the parties to this action, and, in light of the answer to the first issue, how should the prior arbitration award and new elements of the complaint be dealt with.

**The Contract**

Based upon the undisputed material facts set forth in my earlier opinion, and the guidance in the Circuit's remand, I find that there was an oral understanding on a successor collective bargaining agreement, even if there was not a meeting of the minds on all the details of that accord. The parties had agreed, at least, to be bound by the grievance and arbitration provisions of the contract while reducing the agreement to writing. This finding would require the affirmance and enforcement of the arbitrator's award were it not for the new charges in the amended complaint.

The allegations in the new complaint, if established, independently provide a sufficient basis for discharging Lane. Although discovery of new evidence relating to earlier arbitrated issues does not provide a reason for vacating or remanding an arbitration award, *Shearson Hayden Stone Inc. v. Liang*, 653 F.2d 310, 313 (7th Cir. 1981); *Wilks v. American Bakeries Co.*, 563 F.Supp. 560, 563 (W.D.N.C.1983), the new allegations by the Council are entirely distinct claims which can be arbitrated in accordance with the agreement, even after the expiration of the contract. *Nolde Brothers, Inc. v. Local No. 358, Bakery & Confectionary Workers Union, AFL–CIO*, 430 U.S. 243, 97 S.Ct. 1067, 51 L.Ed.2d 300 (1977).

While the arbitration of the new issues in the amended complaint is pending, moreover, the Council need not reinstate Lane. In *Ford v. Civil Service Employees Ass'n., Inc.*, 94 A.D.2d 262, 464 N.Y.S.2d 481 (1st Dept.1983), the Court recognized a strong countervailing public policy as a reason for vacating an arbitration award that required reinstatement of a doctor who had induced state mental patients to have sexual intercourse with him. *See also Diapulse Corp. of America v. Carbon Ltd.*, 626 F.2d 1108 (2d Cir.1980) (recognizing public policy lim-

its on enforceability of arbitration awards). Although the allegations against Lane have not been established, as had the charges against Dr. Ford, in *Ford, supra*, there is nonetheless a powerful public policy against requiring a hospital to reinstate a mental health worker who has been charged with sexually molesting mental patients. Moreover, even if the arbitration award were enforced and Lane were reinstated, the Council could immediately discharge him, pending arbitration of these new charges. *See SEIU Local 144 v. Metropolitan Jewish Geriatric Center*, 94 LRRM 3151 (S.D.N.Y.1977) (finding compliance with arbitrator's order of reinstatement when the employee was lawfully discharged immediately after being reinstated). Consequently, the Council need not reinstate Lane.

However, the Council must comply with the arbitrator's award of back pay. Unlike the reinstatement, there is no powerful public policy that will be violated by payment of the back wages. Although the result of the new arbitration may be to determine that the initial firing of Lane was justified, and that payment of back pay was not required, this alone is not enough to refuse compliance with the arbitrator's award.

**Conclusion**

The Council is ordered to comply with the arbitrator's award of back pay. Reinstatement will be stayed pending the resolution of arbitration of the issues raised by the Council's amendments.

IT IS SO ORDERED.