**M & C CORPORATION, a Michigan Corporation, Plaintiff,**

v.

**ERWIN BEHR GMBH & COMPANY, KG, a German corporation, Heinz Etzel, Michel Karkour, and Sami Sarkis, jointly and severally, Defendants.**

Civil Action No. 91–74110.

United States District Court, E.D. Michigan, Southern Division.

Aug. 20, 1996.

Jack A. Gibson, Jr., Kahn, Kahn & Gibson, P.C., Troy, MI, for movant Behr Ind Corp.

Richard D. Bisio, David A. Ettinger, Honigman, Miller, Schwartz & Cohn, Detroit, MI, for defendant Erwin Behr GmbH Co.

Russ E. Boltz, Cross Wrock, P.C., Detroit, MI, for plaintiff M & C Corp.

*MEMORANDUM OPINION AND ORDER DENYING AS MOOT DEFENDANT'S MAY 2, 1996 MOTION FOR STAY PENDING APPEAL, DENYING DEFENDANT'S MAY 2, 1996 AND AUGUST 2, 1996 MOTIONS TO STAY ENFORCEMENT PROCEEDINGS PENDING ARBITRATION*

GADOLA, District Judge.

Presently before this court is the defendant, Erwin Behr GmbH & Co, KG's, May 2, 1996 motion for stay pending appeal and

pending arbitration, and its August 1, 1996 motion for stay or limitation of further proceedings. Erwin Behr seeks to stay the plaintiff's efforts at enforcing the arbitral award entered by the International Chamber of Commerce Court of Arbitration ("ICC") on March 1, 1994 and confirmed by this court on August 15, 1994 and March 20, 1995. In general, Erwin Behr's motions request the following relief: (1) a stay of the plaintiff's enforcement proceedings pending appeal of this court's March 20, 1995 order; (2) a stay of the plaintiff's enforcement proceedings pending arbitration; (3) an order limiting the plaintiff's enforcement proceedings by restricting discovery and vacating the receivership imposed by this court in its January 31, 1996 and March 29, 1996 orders.

In the portion of its May 2, 1996 motion dedicated to staying enforcement pending appeal pursuant to Federal Rule of Civil Procedure 62(d), Erwin Behr has offered: (1) to pay the entire amount owing on this court's August 15, 1995 Partial Judgment, which confirmed awards one through six and eight through ten of the arbitral award, and (2) to post a supersedeas bond for an amount equalling one and one-quarter of the money awards contained in the seventh and eleventh award and confirmed by this court on March 20, 1995. Erwin Behr timely appealed from this court's March 20, 1995 order on March 29, 1995.

In the second major portion of its May 2, 1996 motion, Erwin Behr seeks a stay of these enforcement proceedings pending arbitration of a dispute concerning the non-monetary portion of the eighth arbitral award, which was confirmed by this court's August 15, 1994 Partial Judgment. Erwin Behr submits that the amount of the commissions due

under the eighth award and the date when those commissions should terminate under the contract is the subject of a pending arbitration in the International Chamber of Commerce Court of Arbitration (ICC). Because the commission contract provides for arbitration of all disputes, Erwin Behr contends, a stay of the enforcement proceedings is warranted under the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.*

In its August 1, 1996 motion for stay or limitation of further proceedings, Erwin Behr reiterates the arguments raised in its May 2, 1996 motion for stay pending arbitration and at the hearing conducted on that motion. This court does not find that additional oral argument is necessary to determine the issues raised in Erwin Behr's request for a stay pending arbitration. Local Rule 7.1(e)(2) (E.D.Mich. Nov. 7, 1994). Accordingly, this court will review Erwin Behr's August 1, 1996 motion in conjunction with its May 2, 1996 motion.

In its August 1, 1996 motion, Erwin Behr raises an additional issue that warrants some discussion. Erwin Behr contends that, even if a stay of the plaintiff's enforcement efforts pending arbitration is not granted, the plaintiff's attempts to execute on the eighth arbitral award are improper because the amounts owing on that disputed award have not been reduced to judgment. Erwin Behr requests that the plaintiff's enforcement proceedings be limited and that this court's January 31, 1996 and March 29, 1996 orders appointing a receiver be vacated, because the current scope of the plaintiff's enforcement activities is broader than necessary to calculate and reduce to judgment the remaining amounts to be paid under the eighth award.[1] In this regard, Erwin Behr submits that the

1. In its May 2, 1996 motion for stay, Erwin Behr also submits that another arbitrable dispute exists concerning certain credits in excess of $100,-000 claimed by Erwin Behr for overpayment of commissions to the plaintiff. Erwin Behr's counterclaim in the pending arbitration alleges that, under paragraphs 6(e) and 6(f) of the commission contract, Erwin Behr is authorized to deduct from subsequent commission payments to reflect changes in the actual price paid for the products sold under the contract. Under these contract provisions, Erwin Behr claims that it is entitled to set off the sum of $113,240.25 with

interest from the $190,007.00 in commissions awarded under the sixth arbitral award.

Upon review of the July 29, 1996 Partial Satisfaction of Judgment filed by the plaintiff, this court finds that the "dispute" concerning Erwin Behr's claim for set off against the sixth award has been resolved. Erwin Behr has effectively conceded this, as it did not reassert that this counterclaim for set off is an arbitrable dispute in its August 2, 1996 motion for stay. Accordingly, this court finds that Erwin Behr's counterclaim for a set off is not a dispute subject to a pending arbitration.

plaintiff has already received full documentation for all past sales that fall within the eighth arbitral award and that Erwin Behr continues to send further documentation on the commission sales on a monthly basis, as required by the eighth award. Accordingly, Erwin Behr concludes, the receivership imposed by this court's January 31, 1996 and March 29, 1996 orders should be dissolved and further discovery in aid of execution on the eighth award should cease.

This court notes that the arguments advanced by Erwin Behr in support limiting the scope of discovery have also been raised by Erwin Behr in its response to the plaintiff's May 23, 1996 motion to compel discovery and for sanctions, now pending before Magistrate Judge Thomas A. Carlson. This court referred that motion to the magistrate on June 13, 1996. Magistrate Judge Carlson heard oral argument on that motion on July 18, 1996 and issued an opinion the same day requesting that the parties submit: (1) copies of any judgments of this court containing specific dollar amounts that remain unsatisfied, and (2) a memorandum specifying the remaining dollar amounts claimed by the plaintiff that are not specifically listed in this court's judgments and the basis for those claimed amounts. To the extent that the matters raised by Erwin Behr in its August 1, 1996 motion for stay or limitation of further proceedings involve the discovery issues presented in Erwin Behr's August 2, 1996 response to Magistrate Judge Carlson's July 18, 1996 Order, this court will refrain from addressing them. *See* 28 U.S.C. § 636(b)(1) (governing the reference of matters to United States Magistrates). This court will await the ruling of Magistrate Judge Carlson on the discovery question and consider any objections to that ruling in due course.

Additionally, this court finds that it is not prepared to modify or dissolve the receivership imposed by its January 31, 1996 and March 29, 1996 orders based upon the argu-

ments presented in Erwin Behr's August 1, 1996 motion. This court notes that the plaintiff has not formally responded to that motion and that the motion has not been set for hearing. As such, this court does not have before it a sufficiently detailed record to analyze Erwin Behr's request. This court will, therefore, deny Erwin Behr's request to modify the receivership without prejudice.

**Discussion**

■ This court conducted a hearing on Erwin Behr's May 2, 1996 motion on June 11, 1996. Since that date, this court has received supplemental information which bears directly on the disposition of that motion. First, on July 3, 1996, the United States Court of Appeals for the Sixth Circuit issued an opinion affirming this court's March 20, 1995 Partial Judgment concerning the amounts confirmed by this court in the seventh and eleventh arbitral awards.[2] The Sixth Circuit issued the mandate on the appeal on July 25, 1996. Second, and perhaps more importantly, on July 29, 1996, the plaintiff filed a notice of partial satisfaction of judgment, acknowledging the payment in full by Erwin Behr of all amounts due, including interest, under awards four, five, six, seven, ten and eleven of the arbitral award. In the wake of these developments, it is clear that Erwin Behr's motion for a stay pending appeal of this court's March 20, 1996 Partial Judgment is moot. Accordingly, this court will deny that portion of Erwin Behr's May 2, 1996 motion and consider only the issues raised in that motion regarding a stay of further enforcement proceedings pending arbitration of the dispute allegedly surrounding the eighth arbitral award.

The central question presented by Erwin Behr's request for a stay pending appeal requires an analysis of section 3 of the Federal Arbitration Act ("FAA"). Section 3 provides, in relevant part:

> If any suit or proceeding be brought in any of the courts of the United States upon any

---

2. On July 5, 1996, the plaintiff submitted a copy of the Sixth Circuit's ruling with a pleading entitled "Plaintiff's suggestion of partial mootness of defendant Behr's motion for stay pending appeal and pending arbitration." Erwin Behr filed a response to the plaintiff's pleading on July 11, 1996, indicating that it had fully paid the amount

of the confirmed arbitration awards that were not on appeal (i.e. the fourth, fifth, sixth, and tenth awards). Erwin Behr filed a supplemental response on July 17, 1996, indicating that it had satisfied the March 20, 1996 Partial Judgment (confirming the seventh and eleventh awards) affirmed by the Sixth Circuit on July 3, 1996.

issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration ... shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement.

Although the clear language of section 3 limits a stay pending arbitration to trials on pending suits, the language has been construed to authorize a stay an action to enforce an arbitral award pending arbitration of a dispute that arises out of that arbitral award. For example, in *Detroit & Midwestern States Joint Board v. White Tower Laundry & Cleaners,* 353 F.Supp. 168 (E.D.Mich.1973), the plaintiff union filed suit under 29 U.S.C. § 185(a) to enforce an arbitration award which required the defendant company to reinstate Sylvia Smith, one of the union members, to her employment position with backpay. The defendant company paid the back wages but transferred Smith to another department due to a loss of business by the company. Smith refused the transfer and the union brought suit, claiming that the defendant's actions did not comply with the arbitration award.

The defendant alleged that transfer complied fully with the terms of the arbitration award and the collective bargaining agreement between the parties, because it was not made to punish Smith, but rather in reaction to a bona fide reduction in business and work force. The court framed the issue as follows:

> Essentially, the parties disagree on the application of the Collective Bargaining Agreement in determining grievant's seniority and the defendant's right to transfer grievant. *Id.* at 169.

Focussing on the provision of the collective bargaining agreement that required arbitration of all grievances, the court concluded that the dispute raised in the union's enforcement action should be settled by arbitration and not by the court. *Id.*

Similarly, in *Aircraft Lodge 703, International Association of Machinists, AFL–CIO v. Curtiss–Wright Corp.,* 169 F.Supp. 837 (D.N.J.1959), the plaintiff filed suit to enforce

what it construed to be the terms an arbitration award. The defendant responded that it had complied with the award and moved to stay the trial of the action pending arbitration pursuant to the Federal Arbitration Act. The arbitration award provided for a new job classification by the defendant company. In response to the award, the defendant issued a new job rating in an attempt to comply with the award, but the plaintiff objected to the defendant's classification and filed suit. The court concluded that the central issue presented concerned whether the legality of the defendant's action should be decided by the court or by arbitration under the collective bargaining agreement between the parties. *Id.* at 838. Analyzing the terms of the collective bargaining agreement, the court concluded that the dispute relating to the parties' interpretation of the prior arbitral award was an arbitrable dispute. Accordingly, the court granted the defendant's motion to stay the plaintiff's action pending arbitration. *See also Hellman v. Program Printing, Inc.,* 400 F.Supp. 915, 918 (S.D.N.Y. 1975) (refusing to enforce an arbitration award under the Federal Arbitration Act because the questions raised by the parties' differing interpretations of that award "is the proper subject for [another] arbitration.").

■ The plaintiff suggests that these authorities do not support Erwin Behr's request for a stay pending arbitration because they involve the interpretation of collective bargaining agreements in the employment relations and labor-management context. This court is not persuaded that this distinction is of any legal significance and can find no principled reason to limit the logic of those case holdings to the collective bargaining context. *See* 9 U.S.C. § 2. Accordingly, this court finds that the Federal Arbitration Act authorizes a stay of proceedings to enforce an arbitral award where a good faith dispute, which was not originally submitted to or decided in the prior arbitration, arises out of that arbitral award. *See United Steelworkers of America v. Interpace Corp.,* 447 F.Supp. 387, 392 (W.D.Pa.1978) (distinguishing *Curtiss–Wright, Hellman* and *White Tower* on the ground that the "new issue" raised by the defendants in those cases were

not "necessary determination[s] to resolve the original [arbitration]."); *Hellman,* 400 F.Supp. at 918 (holding that when a petition for enforcement raises a new dispute, enforcement must be denied). This court notes, however, that not every dispute concerning the implementation of an arbitral award constitutes an arbitrable dispute. *See White Tower,* 353 F.Supp. at 169 (noting that the defendant's dispute concerning the implementation of, and attempt to comply with, the arbitral award was in good faith); *Curtiss–Wright,* 169 F.Supp. at 842 (similarly noting the defendant's good faith attempt at compliance).

■ Upon review of the arbitral award in this case, this court cannot conclude that a stay pending arbitration is warranted, because the question of the amount and the date of termination of the commissions under the eighth award was submitted to, and clearly decided in, the previous arbitration. The eighth award provides, in relevant part:

Behr shall specifically perform all the terms of the Contract remaining to be performed by it including:

1. Performance of Behr's obligations under Clause 6(e) of the contract by providing, not later than the fifteenth day of the month following the month in which shipment of any order is made by Behr, copies of all purchase orders acceptances and invoices for products (as defined in the contract) sold in the territory (as defined in the agreement)

2. Payment of all commissions due to Connelly, without offset of any kind other than reductions in or refund of the purchase price due to returns of products or product deficiency due to quality or quantity or as a result of non payment to Behr of the corresponding net invoice price (as defined in the contract), not later than the fifteenth day of the month following the month in which shipment is made of any order of products in the territory and specifically including the following products:

1991 Model Year Business. . . .

1992 Cadillac Business. . . .

1994 Cadillac "K" Car Series. . . .

Particularly relevant to the issue presently before this court is the discussion accompanying the award. In defining the scope of the injunctive relief provided in the eighth award, the arbitrator stated:

The main issue is the determination of which products are subject to the payment of commission under the contract. The controversy between the parties centres [sic] around the programs of the General Motors which have been designated "1994 K Special". The starting point for the analysis must be the contract. The relevant clauses of the contract are 7.2, 7.3, and 7.4. Clause 7.2 provides for the payment of commission on extension or renewal orders for items which were already supplied during the contract but which were received following the date of termination. That clause is easily interpreted. Clause 7.3 requires more analysis. It states: ". . . the Company . . . shall also be obligated to pay the Agent commission on all new orders which are not renewal or extension orders, received from customers within three years following the date of termination . . . but which were actively solicited by the Agent from the Customers prior to the date of said termination. . . ." Clause 7.4 then goes on to say: " 'actively solicited' orders shall mean such orders which may reasonably be regarded to have materialized mainly as a result of the negotiations and sales efforts of the Agent and proven by the Agent to the Company. . . ." It is to be noted that the criterion is materialization of orders as a result of efforts; it is immaterial that there should have been design changes in the parts concerned after the application of the efforts and also that the business could have been lost by the component supplier because of unacceptable pricing or bad quality.

\* \* \* \* \* \*

*I find* that Connelly has provided a sufficient body of the required documentary evidence to fulfil all the requirements of Clause 7.4 and that, included within the scope of the products subject to commission, are all products under the 1994 K Special program.

It is clear from the unambiguous language of the eighth award that the arbitrator considered and decided the very issue that Erwin Behr alleges is subject to arbitration. Interpreting the same provisions upon which Erwin Behr relies in its pending arbitral counterclaim, the arbitrator unequivocally determined that Erwin Behr is obligated by contract to pay commissions on all new orders which were actively solicited prior to the termination of the contract and received from customers within three years of termination. On this record, Erwin Behr cannot credibly assert that the issue of amount of the commissions due and the date when those commissions should terminate presents a "new" dispute.

Nor can Erwin Behr legitimately claim that its dispute is premised upon a reasonable or good faith interpretation of the eighth award. Indeed, on its face, the eighth award flatly repudiates Erwin Behr's current argument that its obligation to pay any commissions was discharged under the contract three years after the contract was terminated. This court is unable to discern any language in the arbitrator's discussion that even purports to limit Erwin Behr's contractual obligation for commissions (or to forward copies of purchase orders, acceptances or invoices) to those **commissions** which are received within three years of the termination of the contract. The award requires Erwin Behr to pay commissions on all new **orders,** not commissions, received within three years of the contract's termination. Erwin Behr's argument ignores the clear command of the eighth award and merely seeks, in essence, to have another arbitrator review Arbitrator Berkeley's conclusions on the eighth award, which Erwin Behr failed to contest and which this court confirmed in its August 15, 1994 Partial Judgment.[3] For purposes of that award, the fact that commissions were not received within three years is irrelevant, so long as the **order** upon which that commission is based was actively solicited before the termination of the contract and received within three years of the termination. Erwin Behr's proffered interpretation of the eighth award must be rejected and its May 2, 1996 and August 1, 1996 motions for stay pending arbitration must be denied.

### *ORDER*

Therefore, it is hereby **ORDERED** that the defendant, Erwin Behr GmbH & Co., KG's, May 2, 1996 motion for stay pending appeal and pending arbitration is **DENIED.**

**IT IS FURTHER ORDERED** that the defendant, Erwin Behr GmbH & Co., KG's, August 1, 1996 motion for stay or limitation of further proceedings is **DENIED.**

**SO ORDERED.**

---

**3.** Review of the counterclaim submitted by Erwin Behr to the ICC confirms that Erwin Behr's "dispute" as to the eighth award merely seeks to have another arbitrator review the conclusions of Arbitrator Berkeley. In relevant part, that counterclaim states:

> In Article V of his award (Equitable Relief), Mr. Berkeley determined that the Defendant has to pay commission with respect to "all products under the 1994 K Special program" on the ground that all of these products were actively solicited by the Claimant [M & C]. This decision is spoilt by a fraud.

As the record clearly demonstrates, and the plaintiff correctly points out, Erwin Behr did not challenge the eighth award as a fraud or otherwise before this court or the Sixth Circuit Court of Appeals. Having failed to challenge the eighth award before the entry of this court's August 15, 1994 Partial Judgment, Erwin Behr cannot now be permitted, two years after that award was confirmed, to "appeal" that award or this court's judgment to another arbitrator by cloaking its challenge in the ersatz garb of an arbitrable dispute.