164

1199SEIU, UNITED HEALTHCARE
WORKERS EAST, Plaintiff

v.

NORTH ADAMS REGIONAL
HOSPITAL, Defendant.

C.A. No. 12–cv–30033–MAP.

United States District Court,
D. Massachusetts.

Feb. 26, 2013.

tor is the appropriate remedy here, the Union's Motion for Summary Judgment (Dkt. No. 12) will be allowed.

Terence E. Coles, Pyle, Rome & Lichten, P.C., Boston, MA, for Plaintiff.

Daniel J. Finnegan, Bulkley, Richardson & Gelinas, Springfield, MA, for Defendant.

## II. *FACTS*

In March 2009, Union member Christopher Wheeler was terminated from his position with the Hospital as a lead CT scan technologist and x-ray technologist. Plaintiff Union grieved the termination, but the grievance was not resolved during the course of the subsequent grievance procedure. Pursuant to their Collective Bargaining Agreement, the parties submitted the dispute to arbitrator Richard Boulanger ("Arbitrator"). On October 7, 2011, the Arbitrator ruled as follows:

> The grievance is upheld in part and denied in part.
>
> The Hospital did not have just cause to terminate Mr. Wheeler's employment. The Hospital had just cause to issue an unpaid, nine (9) calendar month suspension to Mr. Wheeler. Mr. Wheeler shall be forthwith reinstated to his position. He shall forthwith be made whole regarding all contract rights and benefits, including lost wages, less the unpaid, nine (9) month suspension and any interim earnings. References to the grievant's termination shall be expunged from his personnel file, and replaced with the unpaid, nine (9) calendar month suspension.

(Dkt. No. 1–4, Arbitrator's Award 1.)

Based on the Arbitrator's decision, the Hospital permitted Wheeler to return to work. However, the parties have disagreed on what actions have to be taken by the Hospital in order to comply fully with the Arbitrator's order to reinstate Wheeler to his former position and to make him whole.

The Union contends that, contrary to the Arbitrator's intent, Wheeler has been

## *MEMORANDUM AND ORDER REGARDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT*

### (Dkt. No. 12)

PONSOR, District Judge.

## I. *INTRODUCTION*

Plaintiff 1199SEIU United Healthcare Workers East ("Union") has brought this lawsuit to enforce an arbitration award concerning the discharge of Union member Christopher Wheeler by the Defendant North Adams Regional Hospital ("Hospital"). The Union seeks direct enforcement of the arbitration award by this court, or, in the alternative, a remand to the Arbitrator for clarification. The Hospital has responded that the disputes identified by the Union arise out of a departmental restructuring that was not contemplated by the original arbitration award. Because the dispute is a new matter, the Hospital argues, neither remand to the Arbitrator nor enforcement of the original award by this court is appropriate. Instead, it says, the Union should be required to start the formal grievance process again.

As will be seen below, the Union has the stronger argument. The purported departmental restructuring—if such a restructuring occurred—does not constitute the sort of changed circumstance that necessitates a re-initiation of the grievance process. Because remand to the Arbitra-

returned to an inferior position. Before his termination, Wheeler worked as lead CT technologist and performed services in three modalities: CT Scan, ultrasound, and x-ray. Wheeler worked in ultrasound approximately 50% of his time prior to termination. In his reinstated position, Wheeler has been denied any ultrasound work. It is undisputed that ultrasound work results in an additional $1.00 per hour in base pay. The Union contends that Wheeler should be restored to ultrasound work and that his back pay and overtime award should reflect increased pay from a proportion of ultrasound work at the higher base pay.

The Union also takes the position that Wheeler has not been made whole for "all contract rights and benefits, including lost wages." The parties disagree on the proper amount of overtime owed to Wheeler.[1]

The Hospital takes the position that its treatment of Wheeler following his reinstatement has arisen from new circumstances not recognized in the arbitration proceeding, specifically a restructuring of the Hospital's operations as a result of financial pressures. The Hospital claims to have implemented a number of changes in the Medical Imaging Department ("Department") to reduce costs and increase efficiency. The Department has changed staff schedules, increased specialization in the technologist positions to insure staff proficiency, and given lead technologists more responsibility for running their units. These structural changes, according to the Hospital, prevent the Department, as a practical matter, from assigning Wheeler to perform ultrasound services as he did before his termination. Giving Wheeler

his prior ultrasound work would generate staff shortages in other modalities and excess staffing in ultrasound services. The Hospital has provided the affidavit of Lisa Harrison, Director of Medical Imaging at the Hospital since October 2008, to attest to these changes. (Dkt. No. 17–1, Ex. 1 Harrison Aff.)

The Union disputes whether there has been any restructuring to the Department that would prevent the Hospital from reinstating Wheeler to his prior ultrasound work. It contends that the Hospital's restructuring claims are simply a pretext to avoid implementing the arbitration award. The Union has submitted affidavits from Wheeler and from an Administrative Organizer for 1199SEIU, Raymond Drewnowski, contending that the responsibilities of lead technologists have remained the same over the relevant period and that other technologists continue to work in multiple modalities. (Dkt. No. 20–3, Wheeler Aff.; Dkt. No. 20–1, Drewnowski Aff.) The Union contends that the only staffing changes in the Department made by the Hospital were those made to cover Wheeler's ultrasound work when he was wrongfully terminated.

In the complaint now before the court, the Union seeks to enforce the Arbitrator's award pursuant to § 301 of the Labor–Management Relations Act, 29 U.S.C. § 185(a), 28 U.S.C. § 1337. The Union's claims for relief ask for either (1) judgment enforcing the Arbitrator's Award, as the Union interprets it, in its entirety; *or* (2) an order of remand to the Arbitrator for clarification. As noted above, the court will allow the Union's Motion for Summary

---

1. The Hospital has contended that the Union has asked that Wheeler's back pay award include the loss of time with his family, his travel time, lost vacation time, time spent in the arbitration hearing, and travel expenses to and from Berkshire Medical Center (where Wheeler worked for a period following his termination). However, the Union's submission makes it clear that its claim is not so broad; it seeks only inclusion of what it deems the proper amount of overtime in the lost wage award.

Judgment (Dkt. 12) to the extent that it seeks a remand.

## III. DISCUSSION

 "[I]t is firmly established within the federal labor law that a district court may, in the context of a section 301 proceeding, resubmit an existing arbitration award ... to the original arbitrators for 'interpretation' or 'amplification.'" *Locals 2222, Int'l Bros. of Elec. Workers v. New England Tel. & Tel. Co.*, 628 F.2d 644, 647 (1st Cir.1980) (internal citation omitted). As with *Locals 2222*, "The only question is whether in the present circumstances it would be more appropriate for a court to channel the dispute back through the entire grievance/arbitration process rather than to simply send it again to the original arbitrator." 628 F.2d at 648.

 Re-submission to the original arbitrator is appropriate for "interpretation" or "amplification" of the original award. In contrast, of course, an entirely separate grievance must proceed through a new grievance process. As the Fifth Circuit has held, "[a] remand is not appropriate ... where it would force a decision on an issue not previously submitted to the arbitrator. Under those circumstances, the plaintiff must again invoke the grievance and arbitration procedure in order to resolve the collateral issue." *Oil, Chem. & Atomic Workers Int'l Union v. Rohm & Haas, Texas Inc.*, 677 F.2d 492, 495 (5th Cir.1982).

The question before this court, therefore, is whether the disagreement over the purported restructuring of the Hospital's Department constitutes a collateral issue about which the Union must again invoke the grievance and arbitration procedure, or merely a question of interpretation more properly remanded to the Arbitrator.

 One sub-issue before the court is straightforward and may be quickly resolved. Federal courts have consistently remanded questions of back pay to the original arbitrator when the parties cannot agree on the proper amount. *See, e.g., Unite Here Local 26 v. Taj Hotel Boston*, 731 F.Supp.2d 95, 101 (D.Mass.2010) (Saris, J. adopting the Report and Recommendation of Dein, U.S. Mag. J.) (noting that it is the "'general rule' that where an arbitration award requires reinstatement and back pay, and the parties cannot agree on the amount of back pay, the matter should be remanded to the original arbitrator to clarify the award"); *Teamsters Local No. 25 v. Penn Transp. Corp.*, 359 F.Supp. 344 (D.Mass.1973); *see also Aluminum Brick & Glass Workers Int'l Union v. AAA Plumbing Pottery Corp.*, 991 F.2d 1545, 1549 (11th Cir.1993) (noting that "if the parties cannot agree on the amount of back pay ..., the normal course of action is to treat the award as ambiguous or incomplete and remand the dispute to the original arbitrator to clarify the award"); *San Antonio Newspaper Guild Local No. 25 v. San Antonio Light Div.*, 481 F.2d 821, 825 (5th Cir.1973) (stating that the "normal course of action in [disputes over back pay], then, is for the court to remand the matter to the original arbitrator for clarification").

The Hospital has not cited any case where a court declined to remand a disputed back pay award. At a minimum, therefore, this case must be remanded to the Arbitrator for a calculation of the proper back pay award.

The question of the propriety of remand for clarification of the terms of Wheeler's reinstatement is not so straightforward. Defendant Hospital has undeniably suffered financial pressure. On June 14, 2011, the Hospital filed for Chapter 11 bankruptcy. The Hospital has pointed to

numerous cases involving employers who were unable to keep reinstated workers in similar positions due to financial difficulties or loss of business, where courts have found that this new dispute required re-initiation of the formal grievance process, not remand. *See Truck Drivers, Chauffeurs & Helpers, Local Union 100 v. Liquid Carbonic Corp.*, 562 F.Supp. 825, 828–29 (S.D.Ohio 1983) (holding that a denial of transfer after reinstatement was a new dispute); *Detroit & Midwestern States Joint Bd. v. White Tower Laundry & Cleaners*, 353 F.Supp. 168 (E.D.Mich.1973) (holding that a transfer to a new department after reinstatement because of a loss of business was a new dispute); *Hellman v. Program Printing, Inc.*, 400 F.Supp. 915 (S.D.N.Y.1975) (denying enforcement of an award for reinstatement when grievant was not rehired due to a lack of work); *Washington Heights–West Harlem–Inwood Mental Health Council, Inc. v. Dist. 1199 Nat'l Union of Hosp. & Health Care Employees*, 608 F.Supp. 395, 396 (S.D.N.Y. 1985) (staying reinstatement of employee pending resolution of new grievance based on allegations of wrongdoing unrelated to previous grievance); *Int'l Chem. Workers Union v. BASF Wyandotte Corp.*, 774 F.2d 43, 46–47 (2d Cir.1985) (holding that elimination of reinstated employee's position in new collective bargaining agreement and a refusal to rehire was a new issue not covered nor contemplated by the arbitration award and should go through fresh arbitration); *Chrysler Motors Corp v. Int'l Union, Allied Indus. Workers of Am.*, 2 F.3d 760, 763 (7th Cir.1993) (affirming denial of contempt order where employer subsequently discharged reinstated employee based on new allegations of wrongdoing).

■ The facts of the case now before this court, however, differ significantly from the facts described in the cases cited by the Hospital in two important ways.

First, unlike the cases cited by the Hospital, the Union here vigorously disputes the authenticity of the purported restructuring and the veracity of the Hospital's claims regarding it. An arbitrator—and not this court—is best equipped to determine whether an employer is dodging an award by use of a pretext or legitimately exercising its managerial rights.

Second, the Hospital's purported restructuring occurred before and during the arbitration over Wheeler's reinstatement and back pay, not afterwards. The proper manner of reinstatement in the context of a restructured department (assuming there was a restructuring) and the appropriate back wages given changes in staffing (assuming there were changes) were matters that were, or easily could have been, placed before the Arbitrator at the time of the arbitration.

Regarding the first point, the plaintiffs in the cases cited by the Hospital did not dispute the existence of changed circumstances and restructuring. In those cases, the plaintiffs merely disputed how those changes affected or targeted employees who had recently been through the grievance and arbitration process. Here, the Union contends that the Hospital has raised the impact of its purported restructuring for the first time in response to this litigation. It hotly contests the credibility of the Hospital's argument both that a restructuring has occurred and that it necessarily affects the terms of Wheeler's reinstatement.

■ Arbitrators regularly decide the credibility of claims made by both employers and grievants. In contrast, federal courts are particularly unsuitable venues for these disputes. As the First Circuit has recognized:

[T]he federal courts play an extremely limited role in labor arbitration. They are, and should be, most reluctant in the course of enforcing an arbitration award to modify, supplement or resolve ambiguities in the arbitrator's decision, even when it would appear in keeping with the intention of the parties to do so. When enforcement requires an interpretation of the arbitrator's award, the proper course is to remand to the arbitrator for clarification.

*Boston Shipping Ass'n, Inc. v. Int'l Longshoremen's Ass'n*, 659 F.2d 1, 3 (1st Cir. 1981). The arbitrator—and not this court—is best equipped to weigh the credibility of the Hospital's contested re-structuring argument.

Second, as noted, in all of the cases cited by the Hospital the changed circumstances-for example, a loss of business or a restructuring—occurred entirely *after* the arbitration award. In those cases, the arbitrator's award obviously could not have contemplated the changed circumstances because they occurred after the arbitration and the award.

In this case, the Hospital contends that "[f]or a number of years" it has been engaged in cost reduction strategies including restructuring. (Dkt. No. 17–1, Harrison Aff. 1.) This dispute was heard by the Arbitrator between June 2010 and July 2011. The award was issued on October 7, 2011. (Dkt. No. 1–4, Arbitration Award 1–2.) Wheeler was reinstated to his position, with different responsibilities, in February 2012. As the Hospital confirmed at oral argument, the restructuring was not a new decision made after the Arbitrator's award. The proper scope of Wheeler's reinstatement, in the context of the alleged restructuring, was not beyond what was submitted originally to, and necessarily contemplated by, the Arbitrator.

The Hospital argues that the restructuring was not part of the original submission to the Arbitrator because the issue was not explicitly discussed during arbitration. This argument is not persuasive. It is well established that the scope of the submission, and not the actual discussion during the arbitration, defines the enquiry. As the First Circuit has noted, the proper question is not whether the issue was "actually reached in the first arbitration proceeding" but instead whether the issue was "plainly encompassed by the original submittal." *Locals 2222*, 628 F.2d at 649.

■ In this case, the parties submitted to the Arbitrator the question of what the remedy should be. Re-structuring was going on, the Hospital admits, to some degree at that time. The Arbitrator had the authority to make his decision in that context. The question of the proper remedy given an allegedly restructured department was well within the scope of the submission originally made to the Arbitrator.

The Hospital also relies heavily on *Massachusetts Nurses Ass'n v. North Adams Regional Hospital*, 467 F.3d 27 (1st Cir. 2006). In that case, the First Circuit refused to enforce a previous arbitration award for prospective relief because the post-award dispute was not materially identical to the dispute submitted to the arbitrator. The case now before this court is a much different case. The Union is not simply requesting that this court directly enforce an award; it has also requested, as an alternative, a remand to the Arbitrator. The First Circuit recognized in *Mass. Nurses Ass'n* that "[arbitration awards] are primarily a matter for the arbitrator, not for a court." 467 F.3d at 28. As noted previously, federal courts have a limited role in *enforcement* of arbitration

**170**

awards. The Union's alternative request for relief, remand, is clearly the proper remedy here. Nothing in the First Circuit's *Mass. Nurses Ass'n* decision undermines this request.[2]

It is true that on remand the Arbitrator may have to consider new facts regarding the claimed restructuring and its implications for the award. He may, in fact, be persuaded by the factual arguments now offered by the Hospital to this court. However, most re-submittals to arbitrators will involve the arbitrator making additional determinations of facts about the disputed matter. *See, Coca–Cola Bottling Co. v. Int'l Bhd. of Teamsters,* 506 F.Supp.2d 1052, 1058 (S.D.Ala.2007). These new factual issues are no bar to remand.

## IV. *CONCLUSION*

For the foregoing reasons, Plaintiff's Motion for Summary Judgment (Dkt. No. 12) is hereby ALLOWED, and the case is ordered REMANDED to the original Arbitrator to clarify and, to the extent necessary, amplify his decision. This case may now be closed.

It is So Ordered.

2. *Mass. Nurses Ass'n* is inapposite in other ways. The arbitrator in that case awarded prospective relief; the Arbitrator here only required reinstatement and back-pay. Moreover in *Mass. Nurses Ass'n* three years had passed between the arbitration award and the new enforcement proceeding. No such passage of time has occurred here.